**HC-001**

Name: HUE THI NGUYEN, WIFE FOR HUSBAND

Address: HUNG CAO LE NGUYEN - HUSBAND

10550 WESTERN AVE SPC 146

STANTON CA 90680

714 300 8931

ROYALREALTY@LIVE.COM

CDCR or ID Number: A023-793-313 -HUNG CAO NGUYEN

```
FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

    DEC - 8 2025

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

**PAID**

US DISTRICT COURT CENTRAL DIST OF CA- SOUTHERN

DIV RONALD REGAN FEDERAL BUILDING  US COURTS

411 W 4TH STREET #1-053,

SANTA ANA CA 92701

*(Court)*

| |
|---|
| HUNG CAO LE NGUYEN |
| Petitioner |
| v. |
| COUNTY OF ORANGE |
| Respondent |

**PETITION FOR WRIT OF HABEAS CORPUS**

No. 8:25-cv-02716-KK-(JDE)

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction or sentence and are filing this petition in the superior court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the superior court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the superior court, you only need to file the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original of the petition and one set of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and 10 copies of the petition and, if separately bound, an original and 2 copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

Approved by the Judicial Council of California for use under rules 4.551 (as amended January 1, 2024) and 8.380 (as amended January 1, 2020) of the California Rules of Court. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Form Approved for Optional Use
Judicial Council of California
HC-001 [Rev. September 1, 2024]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rules 4.551 and 8.380
www.courts.ca.gov

HC-001

**This petition concerns:**

| | | |
|---|---|---|
| ☐ A conviction | ☒ Parole | ☐ A violation of the Racial Justice Act under Penal Code section 745(a) |
| ☐ A sentence | ☐ Credits | |
| ☒ Jail or prison conditions | ☐ Prison discipline | |
| ☒ Other *(specify):* AS OF 8-19-2025 CURRENTLY DETAINED AT - 1572 GATEWAY RD, CALEXICO CA 92231 | | |

1. Your name: HUNG CAO NGUYEN

2. a. Where are you incarcerated? IMPERIAL REGIONAL DETENTION FACILITY 1572 GATEWAY RD, CALEXICO CA 92231

   b. If you are not incarcerated, are you on supervised release, such as probation, parole, mandatory supervision, or postrelease community supervision?

   ☐ Yes  *(specify):* _____

   ☐ No

3. Why are you in custody or on supervised release?  ☒ Criminal conviction    ☐ Civil commitment

   *Answer items a through i to the best of your ability.*

   a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").
   FEDERAL DRUG CASE - COURT SUPERVISION SINCE 3-22-2001 AND AS OF 8-19-2025
   DETAINED AT 1572 GATEWAY RD CALEXICO CA 92231

   b. Penal or other code sections: _____

   c. Name and location of sentencing or committing court:
   US DISTRICT COURT CENTRAL DISTRICT OF CAL - SOUTHERN DIVISION - RONALD REAGAN  FEDERAL BUILDING
   AND US COURTHOUSE - 411 W 4TH ST SATNA ANA CA 92701 #1-053

   d. Case number: A023 - 793 - 313

   e. Date convicted or committed: 1994

   f. Date sentenced/Date of judgment: 1994

   g. Length of sentence: 7 YEARS

   h. When do you expect to be released? 7-17-2001

   i. Were you represented by counsel in the trial court?  ☐ Yes  ☒ No  *If yes, state the attorney's name and address:*
   _____
   _____

4. What was the LAST plea you entered? *(Check one):*

   ☐ Not guilty   ☒ Guilty   ☐ Nolo contendere   ☒ Other: 1994

5. If you pleaded not guilty, what kind of trial did you have?

   ☐ Jury    ☐ Judge without a jury    ☐ Submitted on transcript    ☐ Awaiting trial

HC-001

6.  **CLAIMS FOR RELIEF**
   **Claim 1:** State briefly your claim for relief. For example, "The trial court imposed an illegal enhancement," or "an expert witness violated the Racial Justice Act." *(If you have additional claims for relief, use a separate page for each claim. State claim 2 on page 4. For additional claims, make copies of page 4 and number the additional claims in order.)*

   SEE ATTACHMENT NO 1 - A- PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241,

   BY A PERSON SUBJECT TO INDEFINITE IMMIGRATION

   (B) BACKGROUND

   (C) SUPPORTING GOOD MORALS LETTERS

   a.  Supporting facts:
      Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts on which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel, you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is, *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*.

      SEE ATTACHMENT NO 1

   b.  Supporting documents:
      Attach declarations, relevant records, transcripts, or other documents supporting your claim. (See *People v. Duvall* (1995) 9 Cal.4th 464, 474.)

      SEE ATTACHMENT NO 1

   c.  Supporting cases, rules, or other authority *(optional)*:
      (Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)

      ATTACHMENT NO 2- CASE WON SIMILIAR- UNITED STATES DISTRICT COURT DISTRICT OF MASSACHUSETTS -

      CIVIL CASE NO: 25-CV-11470-MJJ

      DONG VAN NGUYEN, PETITIONER VS PATRICIA HYDE, ACTING DIRECTOR OF BOSTON FIELD OFFICE AND TODD

      LYONS-DIR OF US ICE AND KIRSTI NOEM-SEC OF USDHS AND PAMELA BONDI-ATTY GEN OF THE USA

**Claim 2 or Claim** _____ *(if applicable)*:

_____
_____
_____
_____
_____
_____
_____

a.  Supporting facts:

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

b.  Supporting documents:

_____
_____
_____
_____
_____
_____
_____

c.  Supporting cases, rules, or other authority:

_____
_____
_____
_____
_____
_____
_____

HC-001

7. Did you appeal from the conviction, sentence, or commitment? ☐ Yes ☒ No    <u>If yes, give the following information:</u>

   a. Name of court ("Court of Appeal" or "Appellate Division of Superior Court"):

   _____

   b. Result: _____    c. Date of decision: _____

   d. Case number or citation of opinion, if known: _____

   e. All issues raised:

      (1) _____

      (2) _____

      (3) _____

   f. Were you represented by counsel on appeal? ☐ Yes ☐ No    <u>If yes, state the attorney's name and address, if known:</u>

   _____

   _____

8. Did you seek review in the California Supreme Court? ☐ Yes ☐ No    <u>If yes, give the following information:</u>

   a. Result: _____    b. Date of decision: _____

   c. Case number or citation of opinion, if known: _____

   d. All issues raised:

      (1) _____

      (2) _____

      (3) _____

9. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal (see *In re Dixon* (1953) 41 Cal.2d 756, 759):

   _____

   _____

   _____

10. Administrative review:

    a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Dexter* (1979) 25 Cal.3d 921, 925.) Explain what administrative review you sought or explain why you did not seek such review:

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    b. Did you seek the highest level of administrative review available? ☐ Yes ☒ No

    *Attach documents that show you have exhausted your administrative remedies. (See* People v. Duvall *(1995) 9 Cal.4th 464, 474.)*

11. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, sentence, commitment, or issue in any court, including this court? (See *In re Clark* (1993) 5 Cal.4th 750, 767–769 and *In re Miller* (1941) 17 Cal.2d 734, 735.)

    ☐ Yes  <u>If yes, continue with number 12.</u>    ☐ No  <u>If no, skip to number 14.</u>

HC-001

12. a. (1) Nature of proceeding (for example, "habeas corpus petition"): _____

    (2) Name of court: _____

    (3) Result *(attach order or explain why unavailable):* _____

    (4) Date of decision: _____

    (5) Case number or citation of opinion, if known: _____

    (6) All issues raised:

        (a) _____

        (b) _____

        (c) _____

  b. (1) Nature of proceeding: _____

    (2) Name of court: _____

    (3) Result *(attach order or explain why unavailable):* _____

    (4) Date of decision: _____

    (5) Case number or citation of opinion, if known: _____

    (6) All issues raised:

        (a) _____

        (b) _____

        (c) _____

13. If any of the courts listed in number 12 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____
_____
_____

14. Explain any delay in discovering or presenting the claims for relief and in raising the claims in this petition. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; Pen. Code, § 1473(e).)

_____
_____
_____

15. Are you presently represented by counsel? ☐ Yes ☒ No   If yes, state the attorney's name and address, if known:

_____
_____

16. Do you have any petition, appeal, or other matter pending in any court? ☐ Yes ☒ No   If yes, explain:

_____
_____

17. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____
_____
_____

HC-001

18. Answer the following questions if you are raising a claim of violation of the Racial Justice Act under Penal Code section 745(a):

    a. Indicate which of the following apply to the case in which you are making a claim for violation of Penal Code section 745(a) *(check all that apply)*:

        (1) ☐ Judgment is not final (for example, because an appeal is pending),

        (2) ☐ You are currently serving a sentence in the state prison or county jail under Penal Code 1170(h) for the felony conviction in which you are raising a Racial Justice Act claim,

        (3) ☐ This petition is filed **on or after** January 1, 2025, and judgment became final for a felony conviction on or after January 1, 2015, or

        (4) ☐ This petition is filed **on or after** January 1, 2026, and judgment is for a felony conviction.

    b. I request relief based on the following *(choose all that apply)*:

        (1) ☐ The judge, an attorney, a law enforcement officer, an expert, or a juror in the case exhibited bias or animus toward me because of my race, ethnicity, or national origin.

        (2) ☐ During in-court trial proceedings, the judge, an attorney, a law enforcement officer, an expert, or a juror used racially discriminatory language about my race, ethnicity, or national origin. (Racially discriminatory language does not include relaying language used by someone else that is relevant to the case, or giving a racially neutral and unbiased physical description of the suspect.)

        (3) ☐ I was charged with or convicted of a more serious offense than defendants of other races, ethnicities, or national origins who have engaged in similar conduct and are similarly situated, **and** the prosecution more frequently sought or obtained convictions for more serious offenses against people who share my race, ethnicity, or national origin in the county where the convictions were sought or obtained.

        (4) ☐ I received a longer or more severe sentence compared to similarly situated individuals convicted of the same offense **and**:

            (a) ☐ longer or more severe sentences were more frequently imposed for the same offense on defendants who share my race, ethnicity, or national origin than on others in that county; *and/or*

            (b) ☐ longer or more severe sentences were more frequently imposed for the same offense on defendants in cases with victims of one race, ethnicity, or national origin than in cases with victims of other races, ethnicities, or national origins in that county.

    c. Is your claim based on a statement or conduct by a judge? ☐ Yes ☐ No

       If yes, please state the judge's name:

    d. Do you want appointed counsel? ☒ Yes ☐ No

       If yes, can you afford to hire counsel? ☐ Yes ☒ No

    e. Do you request permission to amend a pending petition for writ of habeas corpus with this claim? ☐ Yes ☒ No

        (1) If yes, in what court is your petition pending? _____

        (2) If yes, what is the case number of your pending petition? _____

    f. Do you request disclosure of evidence relevant to a potential violation of Penal Code section 745(a)? ☐ Yes ☒ No

        (1) ☐ The type of records or information sought is described as follows:

        _____

        _____

        _____

        (2) ☐ The reason the records or information are needed is as follows:

        _____

        _____

        _____

HC-001

g. Are you raising this claim for the first time?  ☒ Yes    ☐ No
   If no, are you raising it again because of new evidence that could not have been previously known to you?

(1) ☒ Yes  *(explain):*

SEE ATTACHMENT NO 1

_____

_____

_____

(2) ☐ No  *(explain):*

_____

_____

_____

_____

| If you need additional space to answer any question on this petition, add an extra page and indicate that your answer is "continued on additional page." |
| --- |

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: 12-05-2025

► *Hue*
(SIGNATURE OF PETITIONER)

*Hue Thi Nguyen, wife
for Hesband
Hung Cao Le Nguyen*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print ]   [ Save ]   [ Clear ]

HUNG CAO LE NGUYEN DOB: 08-13-1969 – A023-793-313

# ATTACHMENT NO 1 –

# (A) PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241, BY A PERSON SUBJECT TO INDEFINITE IMMIGRATION

# (B) BACKGROUND.

# (C) SUPPORTING GOOD MORALS LETTERS



Department of Homeland Security
U.S. Citizenship and Immigration Services

**Form I-797C, Notice of Action**

## THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT.

| Receipt Number | | Case Type |
|---|---|---|
| IOE9485396128 | | I130 - PETITION FOR ALIEN RELATIVE |
| Received Date | Priority Date | Petitioner  A022 084 168 |
| 07/08/2025 | 07/08/2025 | NGUYEN, HUE THI |
| Notice Date | Page | Beneficiary  A023 793 313 |
| 07/08/2025 | 1 of 1 | NGUYEN, HUNG CAO |

| | |
|---|---|
| NGUYEN, HUE THI<br>10550 WESTERN AVE SPC 146<br>STANTON  CA  90680-6922 | **Notice Type:** Receipt Notice<br>Amount received: $625.00 U.S.<br>Section: Husband or wife of U.S Citizen, 201(b) INA |

This notice confirms that USCIS received your application or petition ("this case") as shown above.
If any of the information in your notice is incorrect or you have any questions about your case, you can connect with the USCIS Contact Center at www.uscis.gov/contactcenter or ask about your case online at www.uscis.gov/e-request. You will need your Alien Registration Number (A-Number) and/or the receipt number shown above.

You can receive updates on your case by visiting www.uscis.gov/casestatus to get the latest status or you can create an account at my.uscis.gov/account and receive email updates for your case.

This notice does not grant any immigration status or benefit, nor is it evidence that this case is still pending. It only shows that the application or petition was receipted on the date shown.
**Processing time** - Processing times vary by form type.
- Visit www.uscis.gov/processingtimes to see the current processing times by form type and field office or service center.
- If you do not receive an initial decision or update within our current processing time, you can try our online tools available at www.uscis.gov/tools or ask about your case online at www.uscis.gov/e-request.
- When we make a decision on your case or if we need something from you, we will notify you by mail and update our systems.

**If this is an I-130 Petition** - Filing and approval of a Form I-130, Petition for Alien Relative, is only the first step in helping a relative immigrate to the United States. The beneficiaries of a petition must wait until a visa number is available before they can take the next step to apply for an immigrant visa or adjustment of status to lawful permanent residence. To best allocate resources, USCIS may wait to process I-130 forms until closer to the time when a visa number will become available, which may be years after the petition was filed. Nevertheless, USCIS processes I-130 forms in time not to delay relatives' ability to take the next step toward permanent residence once a visa number does become available. If, before final action on the petition, you decide to withdraw your petition, your family relationship with the beneficiary ends, or you become a U.S. citizen, call 800-375-5283.
**If your address changes** - If you move while your case is pending, please visit www.uscis.gov/addresschange for information on how to update your address. Remember to update your address for all your receipt numbers.

**Return of Original Documents** - Use Form G-884, Request for the Return of Original Documents, to request the return of original documents submitted to establish eligibility for an immigration or citizenship benefit. You only need to submit one Form G-884 if you are requesting multiple documents contained in a single USCIS file. However, if the requested documentation is in more than one USCIS file, you must submit a separate request for each file. (For example: If you wish to obtain your mother's birth certificate and your mother's/father's marriage certificate, both of which are in the USCIS file that pertains to her, submit one Form G-884 with your mother's information.)

**NOTICE:** The information you provide on and in support of applications and petitions is submitted under the penalty of perjury. USCIS and the U.S. Department of Homeland Security reserve the right to verify this information before and/or after making a decision on your case so we can ensure that you have complied with applicable laws, rules, regulations, and other legal authorities. We may review public information and records, contact others by mail, the internet or phone, conduct site inspections of businesses and residences, or use other methods of verification. We will use the information obtained to determine whether you are eligible for the benefit you seek. If we find any derogatory information, we will follow the law in determining whether to provide you (and the legal representative listed on your Form G-28, if you submitted one) an opportunity to address that information before we make a formal decision on your case or start proceedings.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
USCIS encourages you to sign up for a USCIS online account. To learn more about creating an account and the benefits, go to https:// www.uscis.gov/file-online.

Vermont Service Center
U.S. CITIZENSHIP & IMMIGRATION SVC
38 River Road
Essex Junction VT 05479-0001
USCIS Contact Center: www.uscis.gov/contactcenter



If this is an interview or biometrics appointment notice, please see the back of this notice for important information.    Form I-797C  10/13/21

If you are visiting a field office and need directions, including public transportation directions, please see
**www.uscis.gov/fieldoffices** for more information.

## Notice for Customers with Disabilities

To request a disability accommodation:

- Go to uscis.gov/accommodations to make your request online, or
- Call the USCIS Contact Center at 1-800-375-5283 (TTY 1-800-767-1833) for help in English or Spanish.

If you need a sign language interpreter, make your request as soon as you receive your appointment notice. The more advance notice we have of your accommodation request, the better prepared we can be and less likely we will need to reschedule your appointment. For more information about accommodations, visit uscis.gov/accommodationsinfo.

# STATE OF CALIFORNIA
### CERTIFICATION OF VITAL RECORD

## COUNTY OF ORANGE
### CLERK-RECORDER

**LICENSE AND CERTIFICATE OF MARRIAGE**
MUST BE LEGIBLE – MAKE NO ERASURES, WHITEOUTS, OR OTHER ALTERATIONS
USE DARK INK ONLY

STATE FILE NUMBER

LOCAL REGISTRATION NUMBER: 4202530009308

**FIRST PERSON DATA**

| | | |
|---|---|---|
| 1A. FIRST NAME: HUE | 1B. MIDDLE: THI | |
| 1C. CURRENT LAST: NGUYEN | 1D. LAST NAME AT BIRTH (IF DIFFERENT THAN 1C) | |
| 2. DATE OF BIRTH (MM/DD/CCYY): 12/15/1966 | 3. STATE/COUNTRY OF BIRTH: VIETNAM | 4. #PREV. MARRIAGES/SRDP: 0 |
| 5A. LAST MARRIAGE/SRDP ENDED BY: | 5B. DATE ENDED (MM/DD/CCYY): --/--/---- | |
| 6. ADDRESS: 10550 WESTERN AVE SPACE 146 | 7. CITY: STANTON | 8. STATE/COUNTRY: CA   8. ZIP CODE: 90680 |
| 10A. FULL BIRTH NAME OF FATHER/PARENT: HOANG VAN NGUYEN | 10B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): VIETNAM | |
| 11A. FULL BIRTH NAME OF MOTHER/PARENT: TAI THI NGUYEN | 11B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): VIETNAM | |

**SECOND PERSON DATA**

| | | |
|---|---|---|
| 12A. FIRST NAME: HUNG | 12B. MIDDLE: CAO | |
| 12C. CURRENT LAST: NGUYEN | 12D. LAST NAME AT BIRTH (IF DIFFERENT THAN 12C) | |
| 13. DATE OF BIRTH (MM/DD/CCYY): 08/13/1969 | 14. STATE/COUNTRY OF BIRTH: VIETNAM | 15. #PREV. MARRIAGES/SRDP: 0 |
| 18A. LAST MARRIAGE/SRDP ENDED BY: | 18B. DATE ENDED (MM/DD/CCYY): --/--/---- | |
| 17. ADDRESS: 10550 WESTERN AVE SPACE 146 | 18. CITY: STANTON | 19. STATE/COUNTRY: CA   19. ZIP CODE: 90680 |
| 21A. FULL BIRTH NAME OF FATHER/PARENT: UNG CAO NGUYEN | 21B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): VIETNAM | |
| 22A. FULL BIRTH NAME OF MOTHER/PARENT: LOAN THI NGUYEN | 22B. STATE OF BIRTH (IF OUTSIDE U.S. ENTER COUNTRY): VIETNAM | |

**AFFIDAVIT**

WE, THE UNDERSIGNED DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT WE ARE UNMARRIED AND THAT THE FOREGOING INFORMATION IS TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF. WE FURTHER DECLARE THAT NO LEGAL OBJECTION TO THE MARRIAGE NOR TO THE ISSUANCE OF A LICENSE IS KNOWN TO US. WE ACKNOWLEDGE RECEIPT OF THE INFORMATION REQUIRED BY FAMILY CODE SECTION 358 AND HEREBY APPLY FOR A LICENSE AND CERTIFICATE OF MARRIAGE.

23. SIGNATURE OF PERSON LISTED IN FIELDS 1A-1D ▶

24. SIGNATURE OF PERSON LISTED IN FIELDS 12A-12D ▶

**LICENSE TO MARRY**

I, THE UNDERSIGNED DO HEREBY CERTIFY THAT THE ABOVE-NAMED PARTIES TO BE MARRIED HAVE PERSONALLY APPEARED BEFORE ME OR THE PERSON PERFORMING THE CEREMONY HAS PERSONALLY APPEARED BEFORE ME AND PRESENTED AN AFFIDAVIT SIGNED BY THE PARTIES TO BE MARRIED DECLARING THAT ONE OR BOTH OF THE PARTIES ARE PHYSICALLY UNABLE TO APPEAR IN PERSON AND STATING THE REASONS THEREFOR IN ACCORDANCE WITH FAMILY CODE SECTION 426. THE PARTIES PROVED TO ME ON THE BASIS OF SATISFACTORY EVIDENCE TO BE THE PERSONS NAMED. HAVE DECLARED THAT THEY MEET ALL OF THE REQUIREMENTS OF THE LAW, AND HAVE PAID THE FEES PRESCRIBED BY LAW. AUTHORIZATION AND LICENSE IS HEREBY GIVEN TO ANY PERSON DULY AUTHORIZED TO PERFORM A MARRIAGE CEREMONY WITHIN THE STATE OF CALIFORNIA TO SOLEMNIZE THE MARRIAGE OF THE ABOVE-NAMED PERSONS REQUIRED CONSENTS AND AFFIDAVITS FOR THE ISSUANCE OF THIS LICENSE ARE ON FILE.

| 25A. ISSUE DATE (MM/DD/CCYY): 06/20/2025 | 25B. EXPIRES AFTER (MM/DD/CCYY): 09/17/2025 | 25C. NAME OF COUNTY CLERK: HUGH NGUYEN | 25D. SIGNATURE OF CLERK OR DEPUTY CLERK: BY ▶ atapia |
| 25E. MARRIAGE LICENSE NUMBER: O-4002500319 | 25F. COUNTY OF ISSUE: ORANGE | 25G. RETURN COMPLETED MARRIAGE LICENSE TO (INCLUDE ADDRESS): 601 N. ROSS STREET, SANTA ANA, CA 92701 |

**WITNESSES (ONE REQUIRED, NO MORE THAN TWO ALLOWED)**

| 26A. SIGNATURE OF WITNESS ▶ | 26B. NAME OF PERSON WITNESSING MARRIAGE (TYPE OR PRINT CLEARLY): STELLA LE |
| 26C. ADDRESS, CITY, STATE/COUNTRY, AND ZIP CODE: 10550 WESTERN AVE 141, STANTON, CA 90680 | |
| 27A. SIGNATURE OF WITNESS ▶ | 27B. NAME OF PERSON WITNESSING MARRIAGE (TYPE OR PRINT CLEARLY): CHARLIE PHILLIP LE |
| 27C. ADDRESS, CITY, STATE/COUNTRY, AND ZIP CODE: 10550 WESTERN AVE SPC 141, STANTON, CA 90680 | |

**CERTIFICATION OF PERSON SOLEMNIZING MARRIAGE**

THE UNDERSIGNED DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA, THAT THE ABOVE-NAMED PARTIES WERE JOINED BY ME IN MARRIAGE IN ACCORDANCE WITH THE LAWS OF THE STATE OF CALIFORNIA. NOTE: THE MARRIAGE CEREMONY MUST TAKE PLACE IN THE STATE OF CALIFORNIA.

| 28A. DATE OF MARRIAGE (MM/DD/CCYY): 06/20/2025 | 28B. CITY/TOWN OF MARRIAGE: ANAHEIM | 28C. COUNTY OF MARRIAGE: ORANGE |
| 29C. NAME OF PERSON SOLEMNIZING MARRIAGE (TYPE OR PRINT CLEARLY): ROSA TAPIA | 29B. RELIGIOUS DENOMINATION (IF CLERGY): | 29D. OFFICIAL TITLE: DEPUTY COMMISSIONER OF CIVIL MARRIAGES |
| 29A. SIGNATURE OF PERSON SOLEMNIZING MARRIAGE ▶ atapia | | |
| 29E. ADDRESS, CITY, STATE/COUNTRY, AND ZIP CODE: PO BOX 238, SANTA ANA, CA 92701 | | |

**NEW NAMES**

| 30A. FIRST – MUST BE SAME AS 1A: -- | 30B. MIDDLE: -- | 30C. LAST: -- |
| NEW MIDDLE AND LAST NAME OF PERSON LISTED IN 1A-1D (IF ANY) FOR USE UPON SOLEMNIZATION OF THE MARRIAGE (SEE REVERSE FOR INFORMATION) | | |
| 31A. FIRST – MUST BE SAME AS 12A: -- | 31B. MIDDLE: -- | 31C. LAST: -- |
| NEW MIDDLE AND LAST NAME OF PERSON LISTED IN 12A-12D (IF ANY) FOR USE UPON SOLEMNIZATION OF THE MARRIAGE (SEE REVERSE FOR INFORMATION) | | |

**LOCAL REGISTRAR**

| 32A. NAME OF LOCAL REGISTRAR: HUGH NGUYEN | 32B. SIGNATURE OF CLERK OR DEPUTY CLERK | 32C. DATE ACCEPTED FOR REGISTRATION: JUN 24 2025 |

STATE OF CALIFORNIA, DEPARTMENT OF PUBLIC HEALTH, OFFICE OF VITAL RECORDS

VS-117 (01/01/2010)

*002009824*



**CERTIFIED COPY OF VITAL RECORDS**
STATE OF CALIFORNIA, COUNTY OF ORANGE

This is a true and exact reproduction of the document officially registered and placed on file in the OFFICE OF THE ORANGE COUNTY CLERK-RECORDER

DATE ISSUED  06/25/2025

This copy not valid unless prepared on engraved border displaying seal and signature of Clerk-Recorder.

Hugh Nguyen
HUGH NGUYEN
CLERK-RECORDER
ORANGE COUNTY, CALIFORNIA



ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE



**CAO LE NGUYEN HUNG**
A023793313
August 13, 1969

Printed on: July 18, 2025 9:02:11 AM



---

Next Reporting Date and Time:  **August 19, 2025 between ~~2:00 PM and 4:00 PM~~**  8am – 10am

---

Participant reported at the (SAA) ERO office on July 18, 2024.

Please keep this receipt with your records. Store receipt away from sunlight.

For information on an Immigration court case, please go to: https://acis.eoir.justice.gov or call 800-898-7180.



I-220R

U.S. Department of Justice
Immigration and Naturalization Service

**Order of Supervision-Addendum**

File No: __A23 793 313__
Date: July 17, 2003

Name:  Hung Cao Le Nguyen

[X] That you do not associate with known gang member criminal associates, or be associated with any such activity.

[ ] That you register in a substance abuse program with 14 days and provide the INS with written proof of such within 30 days. The proof must include the name, dress, duration, and objectives of the program as well as the name of a program counselor.

[ ] That you register in a sexual deviancy counseling program within 14 days and provide the INS with written proof of such within 30 days. You must provide the INS with the name of the program, the address of the program, duration and objectives of the program as well the name of a counselor.

[ ] That you register as a sex offender, if applicable, with 7 days of being released, with the appropriate agency(s) and provide the INS with written proof of such within 10 days.

[X] That you do not commit any crimes while on this Order of Supervision.

[ ] That you report to an INS or probation office as required within 3 business days and provide the INS with written verification of the officers name, address, telephone number, and reporting requirements.

[X] That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.

[X] That you provide the INS with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.

[X] That you provide the INS with written responses from the Embassy or Consulate regarding your request.

[X] Any violation of the above conditions will may result in revocation of your employment authorization document.

[X] Any violation of these conditions may result in you being taken into Service custody and you being criminally prosecuted.

[ ] Other.

**U.S. Department of Justice**
Immigration and Naturalization Service

**Order of Supervision**

Name: Hung Cao Le NGUYEN

File No: A23 793 313
Date: July 17, 2003

On ___March 22, 2001___, you were ordered:
(Date of final order)

[ ] Excluded or deported pursuant to proceedings commenced prior to April 1, 1997.
[X] Removed pursuant to proceedings commenced on or after April 1, 1997.

Because the Service has not effected your deportation or removal during the period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

[X] That you appear in person at the time and place specified, upon each and every request of the Service, for identification and for deportation or removal.

[X] That upon request of the Service, you appear for medical or psychiatric examination at the expense of the United States Government.

[X] That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information as the Service considers appropriate.

[X] That you do not travel outside ___The State of California___ for more than 48 hours without first having notified this
(Specify geographic limits, if any)
Service office of the dates and places of such proposed travel.

[X] That you furnish written notice to this Service office of any change of residence or employment within 48 hours of such change.

[X] That you report in person on the ___Second Tuesday of each month___ to this Service office at: (Deportation Section) 300 North Los Angeles Street, Los Angeles, California ___ unless you are granted written permission to report at other date.

[X] That you assist the Immigration and Naturalization Service in obtaining any necessary travel documents.

[X] Other: ___First reporting to commence on August 12, 2003 at 10:00AM.___

[X]    See attached sheet containing other specified conditions (Continue on separate sheet if required)

_Thomas M. Baranick_
(Signature of INS official)

___Thomas M. Baranick, Interim Field Office Director/DRO___
(Print name and title of INS official)

## Alien's Acknowledgment of Conditions of Release under an Order of Supervision

I hereby acknowledge that I have (read) (had interpreted and explained to me in the ___ language) the contents of this order, a copy of which has been given to me. I understand that failure to comply with the terms of this order may subject me to a fine, detention, or prosecution.

_____
(Signature of INS official serving order)

x _____
(Signature of alien)

7-17-03
Date

**ALIEN COPY**

Form I-220B (Rev. 4/1/97) N

VIEN COSA

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form: **I-220B**

| Alien's Name | File Number | Date |
|---|---|---|
| Hung Cao Le NGUYEN | A23 793 313 | July 17, 2003 |



Hung Nguyen
_Alien's Signature_

545 E. Arrow Highway
Pomona, CA 91767
(909) 626-3601

**RIGHT INDEX PRINT**

**Alien's Address**

C/o Loan NGUYEN
12581 Shelley Drive, Apt. #3
Garden Grove, California 92480
(714) 638-9027

NEW ADDRESS
3456? Terrace Custer Dr.
LA VERNE, CA 97150

Alien's Telephone Number (if any)     (714) 67? 7394

### PERSONAL REPORT RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| 8/18/02 | L2410 | RIP 14? No. Sept 17 2004 |
| 9/11/03 | Lm-15 | NC / RIP WSM  October 11, 2003 |
| 10/07/03 | LA406 | RIP Availability  Next 11/07/03 |
| 10/15/03 | B6 | RIP  Next 2/17/04 |
| 2/3/04 | Lefle | RIP/NC  next 5/3/04 |
| 4/27/04 | CMR | RIF/NC 8/1/04 |
| 6/29/04 | WEB | RIP/NC  11/1/04 |
| 11/2/04 | INC | RIP/NC Enrolled 5/2/04 |
| 5/3/05 | MPR | Continue calling Monthly. Report to:  |
|  |  | 655 Rialto Ave.  |
|  |  | San Bernardino CA 92410  |
|  |  | on 6/6/05.  |
| 6-2-05 | | RIP to SBD   Nxt 110 9-7-05 |
| 9-7-05 | | RIP  N/C   2WAN  10-19-05 |
| 10-19-05 | | RIP  NO Change  12-28-05  9am |
|  |  | on telephone monitoring RPT 6mos. |
| 12/28 | | RIP  5-17-06  9am |
| 5/17/06 | | RIP  10/25/06  9AM |
| 10/25/06 | | RIP  4/25/07 LA724 |
| 4-25-07 | | RIP  7-18-07  9am |
| 7/18/07 | | RIP  10/17/07 |

Signature  _William J. Drinkwater_

Title  **DEPORTATION OFFICER**



**U.S. Department of Homeland Security**
U.S. Immigration and Customs Enforcement

Alien's Name  Hung Cao Le Nguyen

File Number  A0 23 793 373

Date

(picture)

Alien's Signature

RIGHT INDEX PRINT

Alien's Address
545 E. Arrow Highway
Pomona, CA 91767

Alien's Telephone Number (if any)
909 282-7521

### PERSONAL REPORT/RECORD

| DATE | OFFICER | COMMENT/CHANGES |
|---|---|---|
| 11/17/09 | OS-1  RIP | NEXT — 02/10/10 . |
| | SUBJ is authorized = report to SBD- Bu OS. |
| 02/10/2010 | ported in Person at SBD/DRO | 05/12/2010  Reported in Person @ |
| No Changes. Next Report In Date is | 05/12/2011 | No Changes. Next Report In Date is  08/11/2010 |
| 08/11/2010 REPORTED IN PERSON @ SBD/CAO / | 11/8/2010 |
| NO CHANGES. NEXT REPORT IN DATE IS CHANGED FOR 2/10 | |
| 2/10 Subj at RIP @ SBD/CAO next RIP is 02/02/2011 DO | |
| 2/2/2011 sub RIP at SBD. No Changes. Next RID is 05/11/2011 AD | |
| | | OCT 26 2011 |
| 4 May 2011  Reported in Person at SBD/DRO | | Reported in Person at SBD/DRO |
| | | JAN 25 2012 |
| Subjects New # 909-272-5911 4 August 2011 | No Changes. Next Report In Date is |
| | G-156/ |
| | | JAN 25 2012 |
| | | Reported in Person at SBD/DRO |
| 07-27-2011 | -D DRO | APR 25 2012 |
| | No Changes. Next Report In Date is |
| | 10-27-20 |

Signature

Title
Deportation Officer

APR 1 8 2012    Reported in Person at SBD
JUL 2 6 2

No Changes. Next Report in Date is

JUL 1 8 2012    OCT 3 1 2012

No Changes. Next Report in Date is

OCT 2 5 2012    Reported in Person at SBD/DRO
No Changes, Next Report in Date is APR 2 5 2013

APR 2 4 2013
Reported in Person at SBD/DRO
No Changes, Next Report in Date is JUL 2 3 2013

JUL 2 3 2013
Reported in Person at SBD/DRO
No Changes, Next Report in Date is OCT 2 1 2013

Next RiP on 11/26/2013 per D.O. Guennea

NOV 1 2 2013    Reported in Person at SBD/DRO
No Changes, Next Report in Date is MAR 2 4 2014

3/5/2014    Reported in Person at SBD/DRO
No Changes. Next Report in Date is 5/13/2014

MAY 1 2 2015    Reported in Person at SBD/DRO
No Changes, Next Report in Date is AUG 2 7 2014

AUG 1 8 2014    Reported in Person at SBD/DRO
No Changes, Next Report in Date is DEC 1 0 2014

DEC 0 8 2014
Reported in Person at SBD/DRO
No Changes, Next Report in Date is APR 1 5 2015

RiP 4/10/15 — Next Report IN Person 11/10/15

JUN 0 6 2016    Reported in Person at SBD/ERO
No Changes, Next Report in Date is 1-4-17

JAN 1 0 2017    Reported in Person at SBD/ERO
No Changes, Next Report in Date is JUL 1 1 2017

JUL 1 1 2017    Reported in Person at SBD/ERO
No Changes, Next Report in Date is 12/13/17

12/13/17    Reported in Person at SBD/DRO
No Changes, Next Report in Date is 6/22/15

6/15/15    Reported in Person at SBD/DRO
No Changes, Next Report in Date is 10/10/18

10/19/18    Reported in Person at SBD/DRO
No Changes, Next Report in Date is 4/9/19

116

109

102

11/6/15    Reported in Person at SBD/ERO
No Changes, Next Report in Date is 6/2/2016

5

| Family Name (Caps) | First | Middle | AKA NGUYEN, Hung Le | AKA JUYEN, Hung Le |
|---|---|---|---|---|
| NGUYEN, Cao Le Hung | | | | |

County of Citizenship: Vietnam

Passport Number and County of Issue

File Number: A 23 793 313

U.S. Address: 12581 Shelley Drive Apl # 3 Garden Grove CA9210

Date, Place, Time, and Manner of Last Entry: Honolulu  June 22, 1979

Passenger Boarded At

Number, Street, City, Province (State) and County of Permanent Residence

Vietnam

Immigrant

Date of Birth: 8/13/19(?)

Date of Action: 4/11/2003    07/17/05

Location Code: ILOS

Lifted ☐   Not Lifted ☐

City, Province (Asia) and Country of Birth: Vietnam

Form: (Type and No.) A-?

Issuing Post and IV Number

Date Visa Issued: N/A

Social Account Name: Nguyen, Cao

Social Security Number: 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

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT COURT OF CALIFORNIA

| | | |
|---|---|---|
| HUNG CAO LE NGUYEN | ) | Civil Action No: |
| DOB: 08/13/1969 | ) | |
| A023-793-313 | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ERIC GRANT, Acting Director of the eastern | ) | |
| District of California; | ) | PETITION FOR WRIT OF |
| | ) | HABEAS CORPUS PURSUANT TO |
| TODD LYONS, Acting Director of U.S. | ) | 28 U.S.C. §2241, BY A PERSON |
| Immigration and Customs Enforcement; | ) | SUBJECT TO INDEFINITE |
| KRISTI NOEM, Secretary of the U.S. | ) | IMMIGRATION DETENTION |
| Department Of Homeland Security; and | ) | |
| PAMELA BONDI, Attorney General of | ) | |
| Of the United States, in their official capacities; | ) | |
| DAVID MARIN, Field Office Director for the | ) | |
| Adelanto district of the US Immigration and | ) | |
| Customs Enforcement; | ) | |
| BILAL A. "BILL" ESSAYLI, Acting US Attorney | ) | |
| for the Central District of California; | ) | |

1

DANIEL J. ESCAMILLA, U.S. Immigration          )
and Customs Enforcement field office director  )
for the Central District of California; and    )
JAMES JANECKA, warden of the Adelanto          )
 ICE Processing Center;                        )
in their official capacities,                  )

Respondents                                    )
                                               )
                                               )
                                               )

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241,**

**BY A PERSON SUBJECT TO INDEFINITE IMMIGRATION**

*INTRODUCTION*

1. Respondents have unlawfully held Petitioner, HUNG CAO NGUYEN in immigration detention since last yearly reporting on August 19, 2025, even though the federal government has no significant likelihood of removing him from the United States.  Since July 17, 2003, release from Order of Supervision ("OSUP")  Petitioner, HUNG CAO NGUYEN went to his yearly check-in and  Petitioner, HUNG CAO NGUYEN was detained at the Santa Ana Federal Building; on August 20, 2025, Petitioner, HUNG CAO NGUYEN has been transferred to Los Angeles Immigration Holding area, waiting to be transferred to Department of Homeland Security's ("DHS") Immigration and Custom Enforcement ("ICE") Adelanto Correctional facility , Adelanto Field Office in Adelanto, CA

2

2. After the fall of Saigon in 1975, all families of South Vietnamese army officers were allowed to leave the country. Petitioner HUNG CAO NGUYEN and his family left Vietnam and came to the United States as refugees on June 22, 1979, going to Honolulu, Hawaii.

3. July 17, 2003, an Immigration Judge issued a final order designating Petitioner, HUNG CAO NGUYEN's removal to Vietnam based on a prior criminal conviction in Mississippi now resident of the State of California

4. Petitioner, HUNG CAO NGUYEN has previously been detained by the U.S. Immigration and Customs Enforcement ("ICE") and its predecessor Immigration and Naturalization Service ("INS") since his initial removal order.

5. Over the decades, INS and ICE have not been able to procure travel documents for Petitioner, HUNG CAO NGUYEN's repatriation to Vietnam but have kept him in prolonged detention.

6. Petitioner, HUNG CAO NGUYEN was last released on an Order of Supervision ("OSUP") over a decade ago.

   Since his last release over a decade ago, Petitioner, HUNG CAO NGUYEN has not violated the terms of his OSUP.

7. Most recently and last yearly check-in visit, on August 19, 2025 the government revoked Petitioner, HUNG CAO NGUYEN's release on OSUP and detained Petitioner, HUNG CAO NGUYEN for the purpose of removing him.

8. ICE has not shown that travel documents for Vietnam have been issued.

9. ICE has not shown that Petitioner, HUNG CAO NGUYEN is a risk of flight or a danger to the community prior to additional detainment.

10. ICE has not shown that Petitioner, HUNG CAO NGUYEN was not in compliance with his current OSUP.

3

11. Because Petitioner, HUNG CAO NGUYEN's recent detention is not tied to any foreseeable removal or to ensure that Petitioner, HUNG CAO NGUYEN does not flee or pose a danger to the community prior to such removal, Petitioner, HUNG CAO NGUYEN's current detention violates 8 U.S.C. § 1231(a)(6) and the Fifth

**Amendment of the United States Constitution. Accordingly, Petitioner, HUNG CAO NGUYEN is entitled to an order requiring his immediate release and enjoining Respondents from re-detaining him unless his removal is reasonably foreseeable.**

## *JURISDICTION & VENUE*

11  The Court has jurisdiction under 28 U.S.C. § 2241 and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as Petitioner is currently in custody under color of the authority of the United States in violation of the Constitution, laws, or treaties thereof.

12  Venue lies in the U.S. District of California because Petitioner is currently detained at (ICE) Adelanto Correctional Facility in Adelanto, Ca. At the time of filing and Order of Stay, he was still located at the (ICE) Adelanto Correctional Facility in Adelanto, Ca

## *PARTIES*

13  Petitioner,  HUNG CAO NGUYEN current address is 10550 Western Ave, Spc 146, Stanton. CA 90680 and is a resident of Stanton California who arrived at the United States as a refugee in June 22, 1979 and who is presently being detained for immigration purposes at the direction of the Department of Homeland Security's ICE office.

4

14   Respondent. ERIC GRANT, Acting Director of the eastern District of California

15   Respondent TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement

16   Respondent KRISTI NOEM, Secretary of the U.S.. Department Of Homeland Security

17   Respondent PAMELA BONDI, Attorney General Of the United States, in their official capacities

18   Respondent DAVID MARIN, Field Office Director for the Adelanto district of the US Immigration and  Customs Enforcement and is being sued in his official capacity.

19   Respondent BILAL A. "BILL" ESSAYLI, Acting US Attorney for the Central District of California

20   Respondent DANIEL J. ESCAMILLA, U.S. Immigration and Customs Enforcement field office director for the Central District of California and

21   JAMES JANECKA, warden of the Adelanto ICE Processing Center and in their official capacities,


### *FACTS*

22   Petitioner, HUNG CAO NGUYEN was born on August 13, 1969 in Saigon, Vietnam and is currently 56 years old.

23   Petitioner, HUNG CAO NGUYEN  is married to (Susan) Hue Thi Nguyen, who  is the biggest supporter in history and can't be found anywhere else in this world. She is a big supporter of transportation moving goods across America by truck, helping people in the Little Saigon area with real estate, and working for Sunrun Solar, which is America's biggest solar company. Along with sons, Steve Nguyen and Tim Nguyen;  .

24  Since Father, UNG CAO NGUYEN has passed away, survived by  Mother, Loan Thi Nguyen;  Along with Sister, Tam Nguyen, Quyen Nguyen and Be Nguyen and Younger Brother, Dung Nguyen

25  The petitioner, HUNG CAO NGUYEN, father is Ung Cao Nguyen works for the South Vietnam Army. We were given permission to LEAVE VIETNAM;  After the Vietnam War, The petitioner, HUNG CAO NGUYEN  and family left Vietnam as a war refugee in 1979 and was sent to a refugee camp in Honolulu, Hawaii..

26  In June 22, 1979, Petitioner, HUNG CAO NGUYEN lawfully entered the U.S. as a refugee.

27  Petitioner, HUNG CAO NGUYEN later adjusted his status as a Legal Permanent Resident on June 22, 1979

28  On last yearly ICE check-in on August 19, 2025, Petitioner, HUNG CAO NGUYEN was detained and pending transferring to ICE holding Adelanto Correctional Facility in Adelanto CA and Vietnam was designated as the country of removal.

29  At the time, the U.S. and Vietnam did not have diplomatic relations. No existing repatriation agreement existed between the U.S. and Vietnam

30  On July 17, 2003, Petitioner, HUNG CAO NGUYEN was placed on an Order of Supervision ("OSUP") with INS.

31  In 1995, the U.S. and Vietnam established diplomatic relations. However, there was still no existing repatriation agreement between the U.S. and Vietnam.

32  During this period, INS was unable to obtain any travel documents from the Embassy of the Socialist Republic of Vietnam on behalf of Petitioner, HUNG CAO NGUYEN. Vietnam and the U.S. still did not have any repatriation agreement during this period.

33  The 2008 repatriation agreement signed between the U.S. and Vietnamese repatriation did not have a provision to accept any individuals, like Petitioner, HUNG CAO NGUYEN, with a removal order who came to the U.S. before July 12, 1995.

34  Upon his release from incarceration on March 22, 2001, Petitioner, HUNG CAO
NGUYEN was not detained by ICE. Instead, he was placed on OSUP on July 17, 2003. M
Petitioner, HUNG CAO NGUYEN was jailed in 1994 and later release in 2003.  When he
was released, ICE placed Petitioner, HUNG CAO NGUYEN  on OSUP  on   July 17,
2003.

35  Although the Vietnamese and U.S. Government signed a 2020 Memorandum of
Understanding to allow for repatriation for certain individuals with removal orders who
arrived in the U.S. before 1995, ICE has not shown that Petitioner, HUNG CAO
NGUYEN is one of the individuals eligible for repatriation.

36  Since his last release on July 17, 2003  over a decade ago, Petitioner, HUNG CAO
NGUYEN has no recent criminal convictions and has remained compliant with his OSUP
terms. Most recently, August 19, 2025, he was checking in with ICE on at least a yearly
basis and was detained

37  Since his last release over a decade ago, Petitioner HUNG CAO NGUYEN has been
working at his family's renowned PHO BAC noodle house in Westminster, CA, which
later closed down. From 2008 to the present, Petitioner HUNG CAO NGUYEN has held a
commercial driver's license and has been self-employed in the moving transportation
trucking industry across America with HTL TRUCKING INC. He has supported his
younger brother, Dung Cao Nguyen, who is also a professional truck driver in the same
field. The biggest supporter in his life is his wife, (SUSAN) HUE THI NGUYEN. He
maintains a close relationship with his three sisters, who are U.S. citizens, his mother,
Loan Thi Nguyen, as well as his two stepsons, three nieces, and nephew, along with the
next generations of the Nguyen family, including children and grandchildren

38  Since his last release over a decade ago, Petitioner, HUNG CAO NGUYEN has worked
steadily in the Moving America trucking transportation industry since 2008 to current.

39  Since his last release over a decade ago, ICE has failed to procure travel documents from
the Embassy of the Socialist Republic of Vietnam or effect his removal to Vietnam.

40  During his  check-in to the Santa Ana ICE Field Office in August 19, 2025, Petitioner, HUNG CAO NGUYEN was detained  pending transferring to ICE Adelanto Correctional Facility in  Adelanto Ca.

41  During this check-in, ICE detained  Petitioner, HUNG CAO NGUYEN without any warning for the purpose of effecting his removal to Vietnam.

42  At this time, there is still no indication that travel documents to Vietnam have been issued or that the Government of Vietnam has found Petitioner, HUNG CAO NGUYEN eligible for repatriation.

43  At the time of his detainment, Petitioner, HUNG CAO NGUYEN ,  did not have access to his daily meds while he was being detained, which made his chronic illnesses worse. Petitioner HUNG CAO NGUYEN is currently dealing with type 2 diabetes, high blood pressure, high cholesterol, and a lack of calcium. He needs to take the medicines his doctor recommended every day. On the same day of his detention, However, ICE did not indicate that the Government of Vietnam has found Petitioner HUNG CAO NGUYEN eligible for repatriation.

44  Petitioner HUNG CAO NGUYEN temporarily remained at the Los Angeles Correction Facility in Los Angeles, CA until ICE transferred him to ICE – Adelanto Correctional Facility in Adelanto, CA

45  The Declaration of (SUSAN) HUE THI NGUYEN, as wife and as attorney in fact, sworn under penalty of perjury, is attached to this Petition as **Exhibit 1**, and the allegations therein are incorporated hereto by reference – in satisfaction of the requirements of United States Code Title 28, Sections 2242 and 1746.

### *FIRST CAUSE OF ACTION – UNLAWFUL DETENTION*

### *IN VIOLATION OF 8 U.S.C. SECTION 1231(a)*

46  The foregoing allegations are realleged and incorporated herein.

47  Petitioner HUNG CAO NGUYEN is currently in the custody of the Respondent under or
by color of the authority of the United States, based on his detainment at the ICE –
Adelanto Correctional Facility in Adelanto, CA

48  Petitioner HUNG CAO NGUYEN's detention violates 8 U.S.C. § 1231.

49  Petitioner HUNG CAO NGUYEN is being detained for immigration purposes when ICE
knows that it cannot effect his prompt removal from the United States, that Petitioner
HUNG CAO NGUYEN is neither a flight risk nor a danger, and that

50  Petitioner HUNG CAO NGUYEN has not violated conditions of his OSUP or ISAP.
Thus, ICE has no permissible basis for depriving Petitioner HUNG CAO NGUYEN of his
liberty, in violation of 8 U.S.C. § 1231(a) as well as their respective implementing
regulations.

51  A judicial order requiring Petitioner HUNG CAO NGUYEN's release from custody
would remedy Respondent's unlawful conduct.

### *SECOND CAUSE OF ACTION- UNLAWFUL DETENTION*
### *IN VIOLATION OF U.S. CONSTITUTION, FIFTH AMENDMENT*

52  The foregoing allegations are realleged and incorporated herein.

53  Petitioner HUNG CAO NGUYEN is currently in the custody of the Respondent under or
by color of the authority of the United States, based on his detainment at the Plymouth
County Correctional Facility in Plymouth, MA.

54  Petitioner HUNG CAO NGUYEN's detention violates the U.S. Constitution.

9

55 Petitioner HUNG CAO NGUYE's is being detained for immigration purposes when ICE knows that it cannot effect his prompt removal from the United States, that Petitioner HUNG CAO NGUYEN is neither a flight risk nor a danger and that he has not violated conditions of his Order of Supervision. Thus, ICE has no permissible basis for depriving Petitioner HUNG CAO NGUYEN of his liberty, in violation of the Due Process Clause of the Fifth Amendment to the United States Constitution.

53    A judicial order requiring Petitioner HUNG CAO NGUYEN's release from custody would remedy Respondent's unlawful conduct.

### REQUEST FOR ORAL ARGUMENT

54 Petitioner HUNG CAO NGUYEN respectfully requests oral argument on this Petition.

### PRAYER FOR RELIEF

Wherefore, Petitioner HUNG CAO NGUYEN respectfully requests that the Court:

56 HUNG CAO NGUYEN ("Mr. Nguyen" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from physical custody by Immigration and Customs Enforcement ("ICE"). For the reasons stated Mr. Nguyen's petition is hereby GRANTED.

57 Since Petitioner HUNG CAO NGUYEN, was still under the pre-exiting order of supervision and already explained regarding the status of this case, particularly whether the consulate has issued travel documents, or whether they may do so soon and Petitioner HUNG CAO NGUYEN also ask the Vietnam consulate to explain any reason why they may be unwilling to issue travel documents to Petitioner HUNG CAO NGUYEN

58 ORDER, For the foregoing reasons, the Petition for Writ of Habeas is GRANTED. Petitioner is to be released from detention immediately pursuant to the conditions in his preexisting Order of Supervision. While HUNG CAO NGUYEN is on supervised release, nothing stops Respondents from requesting the Government of Vietnam to accept his return. If and when ICE secures a travel document for HUNG CAO NGUYEN , a

10

changed circumstance as discussed by the First Circuit in *Kong* would have occurred such that ICE may then re-detain Mr. Nguyen for removal

59  ALSO, Petitioner HUNG CAO NGUYEN are willing to cooperate with them to obtain ANY travel documents if in need

60  **ORDER - ALSO, Petitioner HUNG CAO NGUYEN, still under order of supervision since 2003; request to be release to take care of personal family matter, pending obtaining any travel documents and Petitioner HUNG CAO NGUYEN is not a danger to public safety**

61  ALSO ORDER, If Vietnam has declined to issue travel documents to Petitioner HUNG CAO NGUYEN, then the PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241, BY A PERSON SUBJECT TO INDEFINITE IMMIGRATION DETENTION is hereby granted AND ORDER RELEASE

62  Order that Respondents to immediately release Petitioner HUNG CAO NGUYEN from ICE – Adelanto Correctional Facility in Adelanto, CA

63  Order that Respondents DHS and ICE to immediately release Petitioner HUNG CAO NGUYEN, if he is subsequently transferred from his current detention to any other facility thereafter;

64  Order that Respondents provide the Court and Petitioner HUNG CAO NGUYEN'S counsel if any and Petitioner HUNG CAO NGUYEN with at least two days' notice prior to any removal from California;

65  Award Petitioner attorney's fees and costs pursuant to the Equal Access to Justice Act, and on any other basis justified under the law; and

66  Grant such other relief that is deemed just and proper by the Court.

Dated: 12-5-2025

11

Respectfully submitted,

HUNG CAO NGUYEN, In Pro Per

A023 -793-313

By: _____

HUE THI NGUYEN AS wife and Attorney in Fact

For Husband and Petitioner HUNG CAO NGUYEN

10550 Western Ave Spc 146, Stanton Ca 90680

## VERIFICATION PURSUANT TO 28 U.S.C. § 2242

I , HUE THI NGUYEN AS Attorney in Fact For Husband and Petitioner HUNG CAO NGUYEN and submit this verification on his behalf. I hereby verify that the factual statements made in the foregoing Petition for Writ of Habeas Corpus are true and correct to the best of my knowledge.

_____

Dated: 12-5-2025

By: /s/  (SUSAN) Hue Thi Nguyen

_____

HUE THI NGUYEN AS wife / Attorney in Fact

For Husband and Petitioner HUNG CAO NGUYEN

10550 Western Ave Spc 146, Stanton Ca 90680

13

# **CERTIFICATE OF SERVICE**

I, (SUSAN) HUE THI NGUYEN as an Attorney in Fact For Husband and Petitioner HUNG CAO

NGUYEN certify that a true copy of the above document  (PETITION FOR WRIT OF HABEAS

CORPUS PURSUANT TO 28 U.S.C. §2241, BY A PERSON SUBJECT TO INDEFINITE

IMMIGRATION DETENTION) together with the attached documents, was served on

[date when you mailed your petition to the U.S. Attorney's Office], upon the following:

U.S. Attorney's Office


**Headquarters Post-Order Detention**

**Unit U.S. Department of Homeland Security**

**Immigration and Customs Enforcement**
**801 I Street, N.W., Suite 900**

**Washington, D.C.20536**


by placing a copy of the above in the mail system at the facility where I am detained.

Central District Court of California
George E.Brown,Jr.  United States Court house
3470 Twelfth Street

Riverside, CA.  92501

 DATED 12-5-2005

By: /s/  Hue Thi Nguyen

_____

HUE THI NGUYEN AS wife / Attorney in Fact

For Husband and Petitioner HUNG CAO NGUYEN

10550 Western Ave Spc 146, Stanton Ca 90680

14

HUNG CAO LE NGUYEN DOB: 08-13-1969 – A023-793-313

# ATTACHMENT NO 1 –

# (A) PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241, BY A PERSON SUBJECT TO INDEFINITE IMMIGRATION

# (B) BACKGROUND.

# (C) SUPPORTING GOOD MORALS LETTERS

**RE- HUNG CAO LE NGUYEN - DOB 08-13-1969 - A023 793 313**

[Name and address of the jail/detention facility in which you are detained]

**ATTN: Officer: PEREZ**

Imperial Regional Detention Facility Warden

IMPERIAL REGIONAL ADULT DET FAC

Imperial Retional Detention Facility

1572 Gateway Road

Calexico, CA 92231

September 25, 2025

**RE- HUNG CAO LE NGUYEN - DOB 08-13-1969 - A023 793 313**

I, HUNG CAO NGUYEN request that ICE review my custody status while taking the following information into consideration, because I believe I qualify for release under an order of supervision, AS MY CURRENT STATUS SINCE RELEASE 2001 was last released on an Order of Supervision ("OSUP")

Prior, I have been in removal order became final, and it is unlikely that I will be deported to Vietnam as my country of citizenship, in the reasonably foreseeable future. I am not a danger to public safety, and nor am I a flight risk.

I, HUNG CAO NGUYEN, father is Special Agent, Ung Cao Nguyen from South Vietnam Army. We were given permission to LEAVE VIETNAM; After the Vietnam War, I, HUNG CAO NGUYEN and family left Vietnam as a war refugee in 1979 and was sent to a refugee camp in Honolulu, Hawaii..

In June 22, 1979, Petitioner, HUNG CAO NGUYEN lawfully entered the U.S. as a refugee.

**RE- HUNG CAO LE NGUYEN - DOB 08-13-1969 - A023 793 313**

1

**RE- HUNG CAO LE NGUYEN - DOB 08-13-1969 - A023 793 313**

Petitioner, HUNG CAO NGUYEN later adjusted his status as a Legal Permanent Resident on June 22, 1979

On last yearly ICE check-in on August 19, 2025,  I, HUNG CAO NGUYEN was detained and pending transferring to ICE holding in CA and Vietnam was designated as the country of removal.

At the time, the U.S. and Vietnam did not have diplomatic relations. No existing repatriation agreement existed between the U.S. and Vietnam

On July 17, 2003, I, HUNG CAO NGUYEN was placed on an Order of Supervision ("OSUP") with INS.

1. ICE has not shown that travel documents for Vietnam have been issued.
2. ICE has not shown that Petitioner, HUNG CAO NGUYEN is a risk of flight or a danger to the community prior to additional detainment.
3. ICE has not shown that Petitioner, HUNG CAO NGUYEN was not in compliance with his current OSUP.

I HUNG CAO NGUYEN e**ntered the United States on June 22, 1979, date of entry. My home country Vietnam  will not accept my deportation**

I **,** HUNG CAO NGUYEN **am NOT a danger to public safety AND I am not a significant flight risk, because :**

1. **We have our Trucking business, real estate firm and solar company open for business and helping the community and across America**
2. **I have a home and resided  at 10550 Western Ave, spc 146, Stanton Ca 90680. With my Wife (Susan) Hue Thi Nguyen – Real Estate Broker and Sunrun Solar for the State of California  - contact no 714-300-8931**
3. **My mother (retired) lives nearby: Loan Thi Nguyen – 10393 Fern Ave Apt C, Stanton CA 90680**
4. **My sister – Quyen Nguyen – work as Banker at School First Credit Union – tel no: 714-468-4062, address- 7750 Bolsa Ave Apt 48, Midway City CA 92655**
5. **My sister – Be Nguyen – work as medical helper at United Health Care – Tel no 714 831 9050 reside at 9511 Royal Palm Blvd Garden Grove CA 9284**
6. **Younger Brother – Dung Nguyen works as a truck driver with transportation, tel no 714-788-2777 resides at 17361 Melbourne Ln, Yorba Linda CA 92886**
7. **Cousin - Michelle Thi Vo – 8111 Monticello Circle, Westminster CA 92683, Tel 714-724-4459**
8. **Friend – Tommy Nathan Trapp – tel no 657-227-6757 – 13085 Lariat Lane- Santa Ana CA 92705**
9. **Friend Neighbor – CHARLIE PHILLIP LE – tel no 714-548-7223 – address is 10550 Western Ave Spc 141, Stanton Ca 90680**

2

**RE- HUNG CAO LE NGUYEN - DOB 08-13-1969 - A023 793 313**

**RE- HUNG CAO LE NGUYEN - DOB 08-13-1969 - A023 793 313**

**10. Friend Neighbor – STELLA LE – tel no 714-548-7223 – address is 10550 Western Ave Spc 141, Stanton Ca 90680**

**If and when released, I will continued to further more concentrate on working and supporting my family.**

**I am prepared to comply with all restrictions imposed on me as part of my release**

DUE TO DISABILITY ILLNESS - At the time of his detainment, I, HUNG CAO NGUYEN , DID NOT have access to his daily meds while he was being detained, which made his chronic illnesses worse. Petitioner HUNG CAO NGUYEN is currently dealing with type 2 diabetes, high blood pressure, high cholesterol, and a lack of calcium. He needs to take the medicines his doctor recommended every day. On the same day of his detention,

**I, HUNG CAO NGUYEN, will comply with all conditions placed on my release.**

**For these reasons, I respectfully request that I be released under an order of supervision so that I may join my family, return to lawful employment, and no longer be a financial burden to my family or society.**

**Respectfully Submitted,**

HUNG CAO LE NGUYEN
DOB: 08/13/1969                    A023-793-313

Dated: September 25, 2025, 2025

By: /s/ Hue Thi Nguyen

_____

HUE THI NGUYEN AS Attorney in Fact

For Husband and Petitioner HUNG CAO NGUYEN

10550 Western Ave Spc 146, Stanton Ca 90680

Mailing: 7750 Bolsa Ave #48, Midway City Ca 92655

3

UNITED STATES DISTRICT COURT FOR THE

CENTRAL DISTRICT COURT OF CALIFORNIA

HUNG CAO LE NGUYEN                                )            Civil Action No:
                                                  )
A023-793 -313                                     )
                                                  )
Petitioner,                                       )
                                                  )
v.                                                )
                                                  )
ERIC GRANT, Acting Director of the eastern        )
District of California;                            )            PETITION FOR WRIT OF
                                                  )            HABEAS CORPUS PURSUANT TO
TODD LYONS, Acting Director of U.S.                )            28 U.S.C. §2241, BY A PERSON
Immigration and Customs Enforcement;              )            SUBJECT TO INDEFINITE
KRISTI NOEM, Secretary of the U.S.                )            IMMIGRATION DETENTION
Department Of Homeland Security; and              )
PAMELA BONDI, Attorney General of                 )
Of the United States, in their official capacities; )
DAVID MARIN, Field Office Director for the        )
Adelanto district of the US Immigration and       )
Customs Enforcement;                              )
 BILAL A. "BILL" ESSAYLI, Acting US Attorney )
for the Central District of California;           )
DANIEL J. ESCAMILLA, U.S. Immigration             )

//

and Customs Enforcement field office director  )

for the Central District of California; and  )

JAMES JANECKA, warden of the Adelanto  )

 ICE Processing Center; and warden of Imperial

Regional Detention Facility, San Diego Field

Office  )

in their official capacities,  )


Respondents  )

)

)

)

## I. BACKGROUND

### A. Mr. Nguyen's Background

Mr. Hung Cao Nguyen was born in Saigon, Vietnam on 8-13-1969. In 1979, Mr. Nguyen fled Vietnam as a refugee after the Vietnam War and was placed in a refugee camp in Honolulu Hawaii. In June 22, 1979, Mr. Nguyen lawfully entered the United States as a refugee and later his status was adjusted to Legal Permanent Resident.

On July 17, 2001, Mr. Nguyen was ordered removed by an Immigration Judge in Los Angeles, California due to a 1994 Mississippi criminal conviction. Vietnam was designated as the country of removal for Mr. Nguyen; however, at the time, the U.S. and Vietnam did not have diplomatic relations.

No repatriation agreement existed between the United States and Vietnam. Outside of his initial detention during deportation proceedings, Mr. Nguyen was not taken into Immigration and Naturalization Service ("INS") custody when he was ordered removed.

Instead, on July 17, 2003, Mr. Nguyen was placed on an Order of Supervision ("OSUP") with INS.

In 1995, the U.S. and Vietnam established diplomatic relations; however, there was still no existing repatriation agreement between the countries. During this period, INS was unable to obtain any travel documents from the Embassy of the Socialist Republic of Vietnam on behalf of Mr. Nguyen. After being held in INS, on or about July 17, 2003, Mr. Nguyen was released from INS custody on an OSUP.

Vietnam and the United States still did not have any repatriation agreement.

It was not until 2008 that the United States and Vietnam entered into a repatriation agreement, but the agreement did not have a provision to accept any Vietnamese citizens, like Mr. Nguyen, who arrived in the United States before July 12, 1995.

[1] The July 17, 2003  OSUP, which is the latest, includes the following conditions of release:

- One March 22, 2001, you were ordered:  Removed pursuant to proceedings commenced on or after April 1, 1997

- Because the Service has not effected your deportation or removal during period prescribed by law, it is ordered that you be placed under supervision and permitted to be at large under the following conditions:

- That you appear in person at the time and place specified, upon each and every request of the U.S. Immigration and Customs Enforcement, for identification and for deportation or removal.

- That upon request of the U.S. Immigration and Customs Enforcement, you appear for medical or psychiatric examination at the expense of the United States Government.

- That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information the U.S. Immigration and Customs Enforcement, considers appropriate.

- That you do not travel outside The State of California for more than 48 hours without first having notified the U.S. Immigration and Customs Enforcement office of the dates and places of such proposed travel.

- That you furnish written notice to the U.S. Immigration and Customs Enforcement office of any change of residence or employment within 48 hours of such change.

- That you report in person On second Tuesday of each month to the Immigration and Customs Enforcement office at: Deportation Section – 300 North Los Angeles, Los Angeles, CA unless you are granted written permission to report on another date.

- That you assist the U.S. Immigration and Customs Enforcement, in obtaining any necessary travel documents.

- Other: First reporting to commence on August 12, 2003 at 10:00 am

- That you do not associate with known gang members, criminal associates, or be associated with any such activity.

- That you do not commit any crimes while on this Order of Supervision.
- That you report to any parole or probation officer as required within 5 business days and provide the U.S. immigration and Customs Enforcement with written verification of the officers name, address, telephone number, and reporting requirements.
- That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.
- That you provide the U.S. Immigration and Customs Enforcement with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.
- That you provide the U.S. Immigration and Customs Enforcement with written responses from the Embassy or Consulate regarding your request.
- Any violation of the above conditions will result in revocation of your employment authorization document.
- Any violation of these conditions may result in you being taken into U.S. Immigration and Customs Enforcement custody and you being criminally prosecuted.

HUNG CAO LE NGUYEN DOB: 08-13-1969 – A023-793-313

# ATTACHMENT NO 1 –

# (A) PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. §2241, BY A PERSON SUBJECT TO INDEFINITE IMMIGRATION

# (B) BACKGROUND.

# (C) SUPPORTING GOOD MORALS LETTERS

# GOOD MORAL CHARACTER LETTER FOR IMMIGRATION

# RE- HUNG CAO NGUYEN –

# DOB 08/13/1969 - A023- 793 -313

August 25, 2025

IMMIGRATION JUDGE

**To Whom It May Concern:**

I'm writing this Good Moral Character letter to express my support and love as a wife and mother for my one and only husband, Hung Cao Nguyen. No amount of money can buy him.

My name is Hue Thi Nguyen, you can call me (Susan), married to Hung Cao Nguyen and have two step-sons, named, Steve Nguyen born in 1987 and Tim Nguyen born in 1988, both currently lived in Houston TX. My parents, Hoang V Nguyen and Tai T Nguyen, both also lived in Houston TX are all boat refugee people that left in 1975, the fall of Saigon. We have a family of 3 boys and 3 girls and me, Susan am the oldest among the girls.

I came to the USA in 1975; our family later was camped in Fort Chaffee, now is Fort Chaffee is a 65,000-acre military training center and a National Guard facility in western Arkansas; later around fall of 1975, our family were sponsored by the catholic charities with 3 families sponsored namely, the Rayns, The Meekers and The Franklins and later moved to Chicago IL to live closer to 3 sponsored families..

Due to the bitter cold and snow; due to my mother's health; around 1990's

Our family later moved to Houston TX, where our Nguyen family opened shrimp docks and later metal shrimping boats.. Our business was shrimp by boat like Forest Gump style. Due to the terrible hurricane, it led to the closing of our family shrimping business.

Now, we are into the next generation into helping the community with living needs, our family opened custom home builders for family needing homes to live.

My name is (Susan) Hue Thi Nguyen currently 58 years old. Since leaving Vietnam in 1975, I lived in Chicago and graduated from Loyola in 1985 with a BS in Finance;  Later I had careers from Accounting to Bankers working at Chase Bank, Wells Fargo Bank, Capital One Bank and later Citibank bank; Later in 2001, I was interested in living style with homes and later became a real estate agent in 2004 to current

Later in 2016, I joined logistics transportation and help with varies trucking company helping out dispatching, DOT audit,  help with trucking safely and truck mainteance programs, assisted with DOT audit with DOT officers too.

That's when around summer of 2016, I met my husband while working in the trucking transportation world. Hung Nguyen, my husband was a CDL truck driver at the time and I, Susan was helping with dispatching and trucking related paperwork for growing the trucking company business. At the time, I lived in Houston TX and Hung Nguyen lived in Orange County CA.

Summer of 2016, as our relationship grew stronger from friends to work related; the company relocated Susan to Orange County Ca area..

At that time, I was a single mom with 2 boys and Hung Nguyen, met  US and we became a YING YANG couple; as everything that we do for each other; we need each other to make it whole or complete in this world.

My husband, just had a birthday, Hung Cao Nguyen is currently 56 years old,  with a CDL since 2008  and  is currently self employed with HTL TRUCKING INC, we are in the trucking transportation business and darn proud of moving America's Freight from across the USA- the most adventures were COVID time; when we were moving only essential items like, water and personal needs

I, (Susan) Hue Thi Nguyen is currenly 57 years old; co-pilot to my husband trucking business; currently licensed as Life and Health agent working with First Financial Security;  Real Estate Broker and Solar Sales Agent with Sunrun Solar, America no 1 battery and storage company

My husband is a devoted to his wife, his mother, his two step sons, supportive to his sister and brother, a loving daddy figure to his nieces, nephews

My husband is an excellent superior cook and personal chef to his wife.. his cooking is so amazing you can smell eat and ask for more; from cooking every weekend for family gathering to eat and spend quality family time together.

2

We are both hard working, honest, dependable and we both have been the reasons why everyone in the family can depend and look up upon US

I , wife, (Susan) Hue Thi Nguyen and husband, HUNG CAO NGUYEN and We will **NOT be a danger to public safety AND I am not a significant flight risk, because :**

1. We have our Trucking business, real estate firm and solar company open for business and helping the community and across America
2. I have a home and resided at 10550 Western Ave, spc 146, Stanton Ca 90680. With my Wife (Susan) Hue Thi Nguyen – Real Estate Broker and Sunrun Solar for the State of California  - contact no 714-300-8931
3. My mother (retired) lives nearby: Loan Thi Nguyen – 10393 Fern Ave Apt C, Stanton CA 90680
4. My older sister- Tam Nguyen – 505-363-2221 / email: TN0714@gmail.com
5. My younger sister – Quyen Nguyen – work as Banker at School First Credit Union – tel no: 714-468-4062, address- 7750 Bolsa Ave Apt 48, Midway City CA 92655

6.  My younger sister – Be Nguyen – work as medical helper at United Health Care – Tel no 714 831 9050 reside at 9511 Royal Palm Blvd Garden Grove CA 9284
7. My Younger Brother – Dung Nguyen works as a truck driver with transportation, tel no 714-788-2777 resides at 17361 Melbourne Ln, Yorba Linda CA 92886
8. Cousin - Michelle Thi Vo – 8111 Monticello Circle, Westminster CA 92683, Tel 714-724-4459
9. Friend – Tommy Nathan Trapp – tel no 657-227-6757 – 13085 Lariat Lane- Santa Ana CA 92705
10. Friend Neighbor – CHARLIE PHILLIP LE – tel no 714-548-7223 – address is 10550 Western Ave Spc 141, Stanton Ca 90680
11.  Friend Neighbor – STELLA  LE – tel no 714-548-7223 – address is 10550 Western Ave Spc 141, Stanton Ca 90680

My husband has made a terrible mistake when he was 25 years old, that was a time when you were young and not smart, now at 56 years old and recent birthday on August 13; my husband made that mistakes in this life and now changed his life for the better

 Upon my husband released, we will most definitely continued to further more concentrate on working and supporting our family.

3

**I, Susan Nguyen and We are prepared to comply with all restrictions imposed on my
husband, Hung Cao Nguyen as part of his release**

DUE TO DISABILITY ILLNESS - At the time of his detainment, I, HUNG CAO NGUYEN ,
DID NOT have access to his daily meds while he was being detained, which made his chronic
illnesses worse. Petitioner HUNG CAO NGUYEN is currently dealing with type 2 diabetes, high
blood pressure, high cholesterol, and a lack of calcium. He needs to take the medicines his doctor
recommended every day. On the same day of his detention,

**I, HUNG CAO NGUYEN, will comply with all conditions placed on my release.**

**For these reasons, I respectfully request that I be released under an order of supervision so
that I may join my family, return to lawful employment, and no longer be a financial burden
to my family or society.**

**Respectfully Submitted,**

By: /s/ Hue Thi Nguyen

_____

HUE THI NGUYEN, Wife

**FOR**

HUNG CAO LE NGUYEN
DOB: 08/13/1969

A023-793-313

10550 Western Ave Spc 146, Stanton Ca 90680

Mailing: 10550 Western Ave Spc 146, Stanton Ca 90680

and 7750 Bolsa Ave #48, Midway City Ca 92655

4

GOOD MORAL CHARACTER LETTER FOR IMMIGRATION

RE: Hung Cao Nguyen
DOB: 08/13/1969
A#023-793-313

To The Honorable Immigration Judge:

My name is Thanh Vien, I'm vouching for a friend but, to me...more an uncle.  I'm a naturalized United States citizen currently residing in Huntington Beach, California and currently a warehouse employee.  Our relationship spans back 2 decades, no blood ties, just lots of personal shared stories, and numerous memorable experiences together with friends and family.

As your honor is already aware of my uncle's past. Yes, he was young and he was stupid, and he paid for it. He took accountability and repented.  He never made that same mistake. He has been a solid contributor to society, a truck driver, delivering goods cross country, a home owner, a tax payer, a giver to the less fortunate, a provider for his family, a protective father, a caring husband, to me a friend, an uncle, a life guide.  He has turned his life experiences into a light for younger generations, became a key contributor to society, a financial bed rock and should to lean on for his family.  His absence will be detrimental for his family financially, and a void in every love one's heart.

Your Honor, I believe that Hung Nguyen is now, has been, and will be key contributor to his family, community, and society as a whole.  I based my beliefs on his actions through the years. I plead to your Honor, to observe the fact he has been a law biding person and morally good man to community and family, please release him and give him a chance to keep contributing.

 If you have any questions on his merits, please feel free to call me 714-920-4887

Thank you, Honor

Thanh Vien

Dear Honorable Immigration Judge,

My name is stella & charlie p Le
We are neighbors who met each other through
Hung Cao Nguyen and have been close friends
and Caring for each other like family ever since.
So, I think I know excitement better than anyone else.

Honorable judge !
So, I am asking you this earnestly with
both hands together.

When Hung Cao Nguyen did his duty as a son
to his single mother, I was so suprised
that I thought "there are son like this
in this world"
Hung Cao Nguyen, has paid the price for his
sin and is living an upright life,
is once again facing difficuties.

pkase help him and I sincerly hope that
You will give him this last chance.
please give him a chance to continue
his childish ways.
I earnestly ask the respected you not to
become an unfilial son
who brings tears to his mom eyes.

We went to the wedding as Witnesses.
his wife cries every day.
when I saw that I cried a lot too.

please take pity on the happiness of
this couple and help them live an Ordinary
Life like everyone else.

Hung Cao Nguyen regret the past and
live honestly now.

Honorable judge!
please save us sinners.

## GOOD MORAL CHARACTER LETTER FOR IMMIGRATION

RE: Hung Cao Nguyen

DOB: 08/13/1969 — A023-793-313

August 25, 2025

To the Honorable Immigration Judge:

My name is Tam Nguyen, and I am the older sister of Hung Cao Nguyen. I am writing this Good Moral Character letter to express my strong support for my brother.

Hung and I share a history built on resilience and sacrifice. After the Vietnam War ended in 1975, our mother, one of the most courageous immigrant mothers I have ever known, made the difficult decision to separate her five children, sending each of us on small boats in hopes of finding freedom and opportunity. This separation lasted more than ten years before we were finally reunited in America, where we could live together as a family in this great country. We remain forever grateful to the United States for giving us this chance.

Because of my mother's sacrifice, I worked hard to build my life. I became an entrepreneur and owned two successful Asian restaurants in California. During that time, my family, including my brother Hung, supported me in running the business.

I have the utmost respect for my brother because of his integrity, loyalty, and caring nature. He is a devoted son to our parents, a supportive brother, and a loving uncle to his nieces and nephews. Hung is an excellent cook and, almost every weekend, he would prepare special dishes for family gatherings, where our family could spend quality time together. He is hardworking, honest, dependable, and someone our family has always been able to count on.

For these reasons, I truly believe my brother is a person of good moral character who contributes positively to our family and community. On behalf of myself and my family, I respectfully ask for your compassion and blessing to allow him to remain in the United States.

Thank you for your time and consideration. If you require any further information, please do not hesitate to contact me at the email or phone number below.

Respectfully,
Tam Nguyen
Email: tn0714@gmail.com  Phone: 505-363-2221

# LETTER OF GOOD MORAL CHARACTER FOR IMMIGRATION

## RE: HUNG CAO NGUYEN – DOB 08/13/1969 - A023-793-313

**Quyen Nguyen**
7750 Bolsa Ave Apt 48
Midway City, CA 92655
(714-468-4062)
Toquyen72@hotmail.com

August 26, 2025

**To: Honorable Judge**

My name is Quyen Nguyen and I am the next younger sister in the family,  I am writing to plead for my brother,  Hung Cao Nguyen, for another chance.  My brother Hung came to the US at a very young age (1979) he is kind and compassionate to everyone he encounters. He was fortunate to have the opportunity to live in the US for the past 46 years.  One mistake made in his early twenties turned his life upside down.  A big lesson to endure, but he never gives up and turns his life around. He is always working hard to provide for his family, and has never bothered or offended anyone.

My daughter was born with a condition where she is at an extremely high risk of cancer in the GI tract.  At twenty-five years old, she had countless (at least a dozen) surgeries and procedures to keep her condition under control.  Every time we return home from the hospital, he always comes by to drop off my daughter's favorite food.  He constantly reminds all family members to be mindful of their words around my daughter.  She may not be able to express herself, but she will understand things people say.  I can always count on my brother for support to get me through my daughter's health challenges.

I believe my brother Hung's aspect of life has changed tremendously after such a mistake.  He will continue to make a positive impact on his families and communities.  Please consider giving him another chance in life.

Respectfully,

By: /s/  Quyen  Nguyen

_____

Quyen Nguyen - As, Younger sister in need of my older brother

7750 Bolsa Ave Apt 48
Midway City, CA 92655
(714-468-4062)
Toquyen72@hotmail.com

# Good Moral Character Letter for Immigration

RE: Hung Cao Nguyen

DOB: 08/13/1969 - A023-793-313

August 26, 2025

Dear Honorable Immigration Judge,

I am writing a character reference letter for your review and consideration for Hung Nguyen, in support my older brother case.

My name is Anh To Nguyen. I am the 5th child in the family. I want to share my story to emphasizes the hardship and resilience of Vietnamese refugees, known as "Boat People". I would like to share this story and highlight the experiences and challenges faced during the escape for a better future, opportunities and freedom and I am grateful the be here in the United States.

Hung Cao Nguyen, my older brother whom, which is always friendly, loving, caring and a hard worker. Hung is respectful not just to family members but to everyone around him. Hung, my brother always welcome family, friends and even neighbors with open arm. Hung love cooking and always would cook up meals for our family gathering and always making sure to have enough for everyone and including enough for those unexpected guests such as friends and neighbors. Hung is highly respected for his big hearts and humble personality and characters.

Hung had made mistakes in life but had changed and turn his life around. I, have the utmost respect for him and would like for you as a judge to reconsider giving my brother, Hung Cao Nguyen a second chance for these reasons.

Thank you for your time and consideration. If you have any further questions or information. Please do not hesitate to contact me at the email and phone number below.

Respectfully,

Anh To Nguyen

Email: toanh09@hotmail.com

Phone: (714) 831-9050

## GOOD MORAL CHARACTER LETTER

## FOR IMMIGRATION

**Re: Hung Cao Nguyen**
**DOB: 08/13/1969**
**A#: A023-793-313**

**August 26, 2025**

To Whom It May Concern,

I am writing to express my sincere support for my uncle, <u>Hung Nguyen</u>, who is truly one of the most kind-hearted and generous people I know.

Hung has always been someone our family can count on. He brings us together often, usually by cooking meals and welcoming everyone into his home. His door is always open - not just to family, but to neighbors and friends as well. He creates a warm, comfortable space where people feel valued, supported, and connected. I've also learned many tips and tricks from him when it comes to cooking certain dishes - something he's always happy to share.

One of the clearest ways he shows love is through food. He genuinely enjoys cooking for others, and it's not uncommon for him to prepare enough to feed the entire family - and still have room for a friend or neighbor at the table. That's just who he is: thoughtful, generous, and always putting others before himself.

Hung also helps care for our grandmother, especially when I'm unable to. He makes sure she has groceries, checks in on her, and looks after her well-being without being asked. He does these things quietly and consistently, never seeking recognition - just wanting to make sure the people he loves are okay.

He is respectful, humble, and always willing to help in whatever way he can. He treats everyone - from family members to strangers - with kindness and consideration. He also encourages those around him to lead with respect, whether in how we speak to one another or how we show up for our community. Everyone who knows Hung speaks highly of his calm nature, his loyalty, and the way he puts others first.

Thank you for taking the time to read this letter. I hope it offers a true picture of the kind of person Hung Nguyen is - a kind, dependable, and selfless man who brings people together and makes life better for those around him.

Sincerely,
Kayla Nguyen

**GOOD MORAL CHARACTER LETTER FOR IMMIGRATION**

RE: Hung Cao Nguyen

DOB: 08/13/1969 — A023-793-313

August 25, 2025

To the Honorable Immigration Judge:

Dear Honorable Judge,

    I am writing a character reference for Hung Cao Nguyen, who is my uncle and a man that I've known my whole life of 34 years. I am aware that he has made mistakes in the past but he has stayed out of trouble for over 20 years now. He has been like a father to me and growing up, he was my idol, I wanted to be just like him. He's been there for me physically as well as mentally as long as I can remember. He's also an amazing son to my grandma and brother to my mother, aunties and uncles. He's also an amazing chef and jumps at any chance to cook entire feasts to invite the whole family over so that we can eat together as a family. It's his special way of bringing us together to bond as a family because everybody's schedule is so hectic nowadays. He is a positive impact on society and on us as a family. Please take this letter into consideration as you move forward with your decision, it would mean the world to me to have my uncle back home.

Sincerely,

Khang Vu, Nephew
727-272-9030

## GOOD MORAL CHARACTER LETTER FOR IMMIGRATION

RE: Hung Cao Nguyen

DOB: 08/13/1969 — A023-793-313

August 25, 2025

To the Honorable Immigration Judge:

Dear Honorable Judge,

I am writing this letter on behalf of my uncle, Hung Nguyen, who is currently facing immigration proceedings. As his nephew, I have known him my whole life, and I want to speak honestly and respectfully about both his past and the person he is today.

Like many young people growing up in difficult environments, my uncle made some poor choices as an adolescent that resulted in legal trouble. Although these offenses were non-violent and occurred many years ago, he has never denied or excused those mistakes, and he has expressed deep regret for the impact they've had on his life and his family. I understand that those past actions are part of what led to the revocation of his green card.

However, what I believe is most important is what he has done since then - how he has changed, matured, and worked hard to become a better man. He has continued to live a responsible and meaningful life and I have personally benefited from his kindness and generosity. When I was a college student, he opened his home to me for four years offering housing, food, and financial support without hesitation. During this time, I was able to witness the same generosity extended to his step children. Thanks to my uncle, I was able to complete my education and stay on a stable path.

My uncle's past does not define the man he is today and he has since made a sincere effort to build a life rooted in family, hard work, and giving back.

I respectfully ask that you consider not only the mistakes of his youth, but also the many years of growth and responsibility that have followed. Keeping him here with his family would allow him to continue supporting those who depend on him to continue living the life he's worked hard to build.

Sincerely,
Vincent Nguyen, nephew
714 463 0177
vincentnguyenarc@gmail.com

**GOOD MORAL CHARACTER LETTER FOR IMMIGRATION**

**RE – HUNG CAO NGUYEN**

**DOB 08/13-1969 – A023-793-131**

August 26, 2025

Dear Honorable Judge,

I am writing to provide a character reference for Hung Nguyen, whom I have known for over 20 years. I am aware that Hung Nguyen is appearing before you in court and would like to express my support for him. I have witnessed his impeccable character and unwavering integrity and I would like to share this with you.

My name is Cam Phan. I am currently working as a Mortgage Credit Rescoring for the past 15 years. Hung is my ex brother in law. Although, his brother and I are no longer together but I will always see him as my family.

I know Hung to be a very dependable , responsible and a very honest and hard working man. Throughout the time I have known him, I have seen Hung interact with others in a respectful and considerate manner. He will always goes the extra miles to help people around him. And I have witness Hung to be an exceptional individual who has made a positive impact on the lives of those around him. In particular, I remembered a time when my own son faces some challenge at school and the law. He will goes the extra miles to help my son to turn around to be a good person and make sure that he graduate from school. I believe Hung will continue to make a valuable contribution to our community and the society as a whole. I hope that you will take this letter into consideration as you make your decision in his case.

Sincerely,

Cam Phan

**GOOD MORAL CHARACTER LETTER FOR IMMIGRATION**

**RE – HUNG CAO NGUYEN**

**DOB 08/13-1969 – A023-793-131**

August 26, 2025

Dear Honorable Judge,

I am writing to provide a character reference for Hung Nguyen, whom I have known for over 20 years. I am aware that Hung Nguyen is appearing before you in court and would like to express my support for him. I have witnessed his impeccable character and unwavering integrity and I would like to share this with you.

My name is Cam Phan.  I am currently working as a Mortgage Credit Rescoring for the past 15 years. Hung is my ex brother in law. Although, his brother and I are no longer together but I will always see him as my family.

I know Hung to be a very dependable , responsible and a very honest and  hard working man. Throughout the time I have known him, I have seen Hung interact with others in a respectful and considerate manner. He will always goes the extra miles to help people around him. And I have witness Hung to be an exceptional individual who has made a positive impact on the lives of those around him. In particular, I remembered a time when my own son faces some challenge at school and the law. He will goes the extra miles to help my son to turn around to be a good person and make sure that he graduate from school. I believe Hung will continue to make a valuable contribution to our community and the society as a whole. I hope that you will take this letter into consideration as you make your decision in his case.

Sincerely,

Cam Phan

HUNG CAO LE NGUYEN DOB: 08-13-1969 – A023-793-313

# ATTACHMENT NO 2–

**CASE WON SIMILAR – UNITED STATES DISTRICT COURT – DISTRICT OF**

**MASSACHUSETTS – CIVIL CASE NO 25-CV-11470-MJJ**

HUNG CAO LE NGUYEN DOB: 08-13-1969 – A023-793-313

# ATTACHMENT NO 2–

**CASE WON SIMILAR – UNITED STATES DISTRICT COURT – DISTRICT OF
MASSACHUSETTS – CIVIL CASE NO 25-CV-11470-MJJ**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONG VAN NGUYEN,<br><br>      Petitioner,<br><br>      v.<br><br>PATRICIA HYDE, Acting Director of the Boston Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of the U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of the U.S. Department of Homeland Security; and PAMELA BONDI, Attorney General of the United States, in their official capacities,<br><br>      Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civil Action No. 25-cv-11470-MJJ |

**MEMORANDUM OF DECISION AND ORDER**

June 20, 2025

JOUN, D.J.

    Dong Van Nguyen ("Mr. Nguyen" or "Petitioner") petitions the Court under 28 U.S.C. § 2241 and the Due Process Clause of the Fifth Amendment for relief from physical custody by Immigration and Customs Enforcement ("ICE"). For the reasons stated below, Mr. Nguyen's petition is <u>GRANTED</u>.

## I.   BACKGROUND

### A.  <u>Mr. Nguyen's Background</u>

    Mr. Nguyen was born in Vung Tau, Vietnam. [Doc. No. 19 at ¶ 21; Doc. No. 19-1 at 7]. In 1980, Mr. Nguyen fled Vietnam as a refugee after the Vietnam War and was placed in a refugee camp in Singapore. [Doc. No. 19 at ¶ 22]. In November 1980, Mr. Nguyen lawfully

1



entered the United States as a refugee and, on February 11, 1982, his status was adjusted to Legal Permanent Resident. [*Id.* at ¶¶ 23–24; Doc. No. 19-1 at 9]. On December 8, 1992, Mr. Nguyen was ordered removed by an Immigration Judge in Boston due to a 1992 Massachusetts criminal conviction. [Doc. No. 19 at ¶ 25; Doc. No. 19-1 at 11]. Vietnam was designated as the country of removal for Mr. Nguyen; however, at the time, the U.S. and Vietnam did not have diplomatic relations. [Doc. No. 19 at ¶¶ 25, 27]. No repatriation agreement existed between the United States and Vietnam. [*Id.* at ¶ 27]. Outside of his initial detention during deportation proceedings, Mr. Nguyen was not taken into Immigration and Naturalization Service ("INS") custody when he was ordered removed. [*Id.* at ¶ 26]. Instead, on November 15, 1994, Mr. Nguyen was placed on an Order of Supervision ("OSUP") with INS. [*Id.* at ¶ 28; Doc. No. 19-1 at 13–14].

In the early to mid-1990s, Mr. Nguyen's release was revoked because of another criminal conviction. [Doc. No. 19 at ¶ 29]. As a result, INS detained Mr. Nguyen upon his release from incarceration. [*Id.*]. In 1995, the U.S. and Vietnam established diplomatic relations; however, there was still no existing repatriation agreement between the countries. [*Id.* at ¶ 30]. During this period, INS was unable to obtain any travel documents from the Embassy of the Socialist Republic of Vietnam on behalf of Mr. Nguyen. [*Id.* at ¶ 31]. After being held in INS detention for approximately three years, on or about March 7, 2000, Mr. Nguyen was released from INS custody on an OSUP. [*Id.* at ¶ 32; Doc. No. 19-1 at 16]. Vietnam and the United States still did not have any repatriation agreement. [Doc. No. 19 at ¶ 32].

It was not until 2008 that the United States and Vietnam entered into a repatriation agreement, but the agreement did not have a provision to accept any Vietnamese citizens, like Mr. Nguyen, who arrived in the United States before July 12, 1995. [*Id.* at ¶ 35]. In 2011, Mr. Nguyen received a federal conviction and was imprisoned. [*Id.* at ¶ 33]. While he was incarcerated, the United States government was unable to obtain travel documents from the

Embassy of the Socialist Republic of Vietnam. [*Id.* at ¶ 34]. When Mr. Nguyen finished serving

his sentence in or around 2012, he was not detained by ICE; he was placed on an OSUP. [*Id.* at ¶

36; Doc. No. 19-1 at 21–23]. In 2012, Mr. Nguyen was jailed for a pending criminal case that

resulted in a nolle prosequi in 2014. [Doc. No. 19 at ¶ 36]. When he was released on June 6,

2014, ICE again placed him on an OSUP.[1] [*Id.*; Doc. No. 19-1 at 21–23, 25].

---

[1] The April 2, 2012 OSUP, which is the latest, includes the following conditions of release:
- That you appear in person at the time and place specified, upon each and every request of the U.S. Immigration and Customs Enforcement, for identification and for deportation or removal.
- That upon request of the U.S. Immigration and Customs Enforcement, you appear for medical or psychiatric examination at the expense of the United States Government.
- That you provide information under oath about your nationality, circumstances, habits, associations, and activities and such other information the U.S. Immigration and Customs Enforcement, considers appropriate.
- That you do not travel outside The State of Massachusetts for more than 48 hours without first having notified the U.S. Immigration and Customs Enforcement office of the dates and places of such proposed travel.
- That you furnish written notice to the U.S. Immigration and Customs Enforcement office of any change of residence or employment within 48 hours of such change.
- That you report in person On Wednesday, May 9, 2012 at 9:00 AM to the Immigration and Customs Enforcement office at: 10 New England Executive Park, Burlington, MA 01803 781-359-7500 unless you are granted written permission to report on another date.
- That you assist the U.S. Immigration and Customs Enforcement, in obtaining any necessary travel documents.
- That you do not associate with known gang members, criminal associates, or be associated with any such activity.
- That you do not commit any crimes while on this Order of Supervision.
- That you report to any parole or probation officer as required within 5 business days and provide the U.S. immigration and Customs Enforcement with written verification of the officers name, address, telephone number, and reporting requirements.
- That you continue to follow any prescribed doctors orders whether medical or psychological including taking prescribed medications.
- That you provide the U.S. Immigration and Customs Enforcement with written copies of requests to Embassies or Consulates requesting the issuance of a travel document.
- That you provide the U.S. Immigration and Customs Enforcement with written responses from the Embassy or Consulate regarding your request.
- Any violation of the above conditions will result in revocation of your employment authorization document.
- Any violation of these conditions may result in you being taken into U.S. Immigration and Customs Enforcement custody and you being criminally prosecuted.
- Other. That you report to the U.S. Probation Office located at: Williams Building, 408 Atlantic Avenue, Room 434, Boston, MA 02110 973-645-6161 within 72 hours of being released.

[Doc. No. 19-1 at 21–23, 25].

### B. 2020 Memorandum of Understanding

In 2020, the United States and Vietnam signed a Memorandum of Understanding (the

"2020 MOU") regarding the "acceptance of Vietnamese citizens who have been ordered

removed by U.S. competent authority and who arrived in the United States before July 12,

1995." [Doc. No. 19 at ¶ 37; Doc. No. 21-2 at 1]. "The purpose of [the 2020 MOU] is to

establish a process of review and issuance of travel documents for Vietnamese citizens ordered

removed from the United States and to facilitate the acceptance of all such Vietnamese citizens."

[Doc. No. 21-2 at 1]. Section 4 of the 2020 MOU outlines which individuals are eligible for

acceptance of return. [*Id.* at 2–3]. "[A]n individual subject to a final order of removal from the

United States" must meet the following conditions:

1. Has Vietnamese citizenship and does not have citizenship of any other country at
   the same time;

2. Has violated U.S. law and has been ordered removed by a U.S. competent authority
   (and, if sentenced to a prison term, the individual must have completed any term of
   imprisonment before removal or a U.S. competent authority must have ordered a
   reduction in the sentence or the individual's release from prison);

3. Resided in Viet Nam prior to arriving to the United States and currently has no right
   to reside in any other country or territory.

4. [REDACTED]

[*Id.*]. Section 8 outlines Procedures for Verification and Issuance of Travel Documents. [*Id.* at 4].

Finally, Section 3, General Provisions of the 2020 MOU outlines how, "[t]his MOU constitutes

an understanding only between the Participants [the Department of Homeland Security of the

United States of America and the Ministry of Public Security of the Socialist Republic of

Vietnam] and does not give rise to any rights or obligations under domestic or international law."

[*Id.* at 2]. The 2020 MOU further states that it "does not create or confer any rights, privileges, or

benefits to any individual." [*Id.*].

4

### C. <u>Mr. Nguyen's 2025 Detention</u>

Since his June 2014 release, Mr. Nguyen has received no further criminal convictions and has remained fully compliant with his OSUP terms. [Doc. No. 19 at ¶ 38]. Most recently, Mr. Nguyen was virtually checking in with ICE on a yearly basis. [*Id.*]. In March 2025, during his virtual email check-in at the Boston ICE Field Office, Mr. Nguyen was instructed to go in person to the Burlington, Massachusetts office on April 30, 2025. [*Id.* at ¶ 42]. At the check-in, Mr. Nguyen was instructed to report to the Alternatives to Detention Program for the Intensive Supervision Appearance Program ("ISAP"). [*Id.* at ¶ 43]. Subsequently, his ISAP case worker instructed him to begin the process of requesting a Vietnamese passport. [*Id.*]. Mr. Nguyen did as he was told and initiated the process of requesting a Vietnamese passport. [*Id.* at ¶ 44]. He was also instructed to meet with an ICE Enforcement and Removal Operations officer on May 21, 2025. [*Id.* at ¶ 45]. Mr. Nguyen did not receive any information that the Government of Vietnam had found Mr. Nguyen eligible for repatriation at any point during this process. [*Id.* at ¶ 44].

At the May 21, 2025 check-in, ICE detained Mr. Nguyen for the purpose of effecting his removal to Vietnam, [*Id.* at ¶¶ 45–46; Doc. No. 21-1 at ¶ 5], and issued a notice of Mr. Nguyen's revocation of release. [Doc. No. 19 at ¶ 49]. The Notice of Revocation of Release stated that Mr. Nguyen's detention decision was "made based on a review of [his] official alien file and a determination that there are changed circumstances in [his] case" and that his "case is under current review by the Government of Vietnam for the issuance of a travel document." [Doc. No. 19-1 at 32]. The following day, on May 22, 2025, ICE asked Mr. Nguyen to prepare a request for travel documents to submit to the Vietnamese government while in custody. [Doc. No. 19 at ¶ 50]. Mr. Nguyen remained detained temporarily at the Boston Field Office in Burlington, Massachusetts until ICE transferred him to Plymouth County Correctional Facility on May 23, 2025, where he is currently being held. [*Id.* at ¶¶ 51, 54].

5

## II.   PROCEDURAL HISTORY

On May 22, 2025, Mr. Nguyen filed his Petition for Writ of Habeas Corpus. [Doc. No. 1]. On May 27, 2025, Respondents filed an opposition, with a supporting declaration from ICE Assistant Field Director Keith M. Chan (the "First Declaration"). [Doc. Nos. 11–12]. On June 5, 2025, Mr. Nguyen filed a reply. [Doc. No. 16]. On June 16, 2025, Mr. Nguyen filed an Amended Petition. [Doc. No. 19]. On June 17, 2025, I held a hearing on the Petition. [Doc. No. 20]. At the hearing, I allowed Respondents an opportunity to produce a copy of the "repatriation agreement" and to supplement the record with facts pertaining to ICE's ability to remove pre-1995 Vietnamese refugees, and steps ICE has taken to secure Petitioner's travel document to Vietnam. On June 18, 2025, Respondents filed a Notice of Supplemental Authorities, which included a declaration from Assistant Field Director Chan (the "Second Declaration") and the redacted 2020 MOU as mentioned *supra*. [Doc. No. 21]. The Second Declaration stated that ICE is currently processing a travel document for Mr. Nguyen to return to Vietnam, and at present, ICE has not received such travel document. [Doc. No. 21-1 at ¶¶ 6–7]. The Second Declaration further stated that in Fiscal Year 2024, ICE removed 44 individuals to Vietnam, and that thus far, in Fiscal Year 2025, ICE has removed 284 individuals to Vietnam. [*Id.* at ¶ 9]. On June 20, 2025, Mr. Nguyen filed a response to the Notice of Supplemental Authorities. [Doc. No. 24].

## III.   ANALYSIS

### A.   *Zadvydas* **Is Not Applicable**

As a preliminary matter, Respondents argue that, because Mr. Nguyen has been detained for less than six months, his detention pending execution of his removal order is presumptively reasonable under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Respondents' argument misses the mark. This case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in *Zadvydas*. This case is about ICE's authority to *re-detain* Mr. Nguyen after

he was issued a final order of removal, detained, and subsequently released on an OSUP. The DHS regulation, 8 C.F.R. § 241.13(i), applies to non-citizens in Petitioner's situation.

### B. **Regulatory Requirements Of § 241.13(i)(2)**

Respondents do not allege that Mr. Nguyen has violated his OSUP conditions of release set over ten years ago. They also do not allege that he is a flight risk. Instead, Respondents assert a change in circumstances such that there is now a significant likelihood that Mr. Nguyen will be removed to Vietnam in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13(i)(2). For the reasons below, Respondents have clearly not met their burden.[2]

"ICE's decision to re-detain a noncitizen like [Mr. Nguyen] who has been granted supervised release is governed by ICE's own regulation requiring (1) an individualized determination (2) by ICE that, (3) based on changed circumstances, (4) removal has become significantly likely in the reasonably foreseeable future." *Kong v. United States*, 62 F.4th 608, 619–20 (1st Cir. 2023) (citing 8 C.F.R. § 241.13(i)(2)).[3] "The plain language of the regulation, however, does not allow a court in the first instance to make the required individualized finding. To the extent ICE claims that it made such a determination, the court should review that claim in light of the regulations instructing ICE on how it should make such a determination." *Kong*, 62 F.4th at 620 (citing 8 C.F.R. §§ 241.13(f), (i)(2)).

On May 21, 2025, ICE made an individualized determination to re-detain Mr. Nguyen "based on a review of [his] official alien file and a determination that there are changed

---

[2] Respondents argue that Mr. Nguyen has failed to point to any good reason that his removal is not likely to occur in the reasonably foreseeable future. This is improper burden shifting. Pursuant to its own regulation, 8 C.F.R. § 241.13(i)(2), Respondents must determine changed circumstances such "that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."

[3] 8 C.F.R. § 241.13 states, "The Service may revoke an alien's release under this section and return the alien to custody if, on account of changed circumstances, the Service determines that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future."

circumstances in [his] case." [Doc. No. 19-1 at 32]. In support, Respondents stated "[t]he United States has recently entered into a repatriation agreement with Vietnam, and ICE has started to remove Vietnamese citizens to Vietnam consistent with that agreement." [Doc. No. 11 at 6]. At the June 17, 2025, hearing, I noted that Respondents' assertions were conclusory; there was nothing in the Notice of Revocation or in the record—no statistics or supporting facts— identifying said repatriation agreement and showing that ICE had started to remove pre-1995 Vietnamese refugees, like Mr. Nguyen, to Vietnam. In other words, Respondents did not identify any facts to support that ICE re-detained Mr. Nguyen based on changed circumstances that would show his removal to be significantly likely in the reasonably foreseeable future. *See* 8 C.F.R. § 241.13(f) (setting out factors to consider including "the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question."). In fact, at the hearing, Respondents conceded the Court's point,[4] while clarifying that the referred-to "recently entered into repatriation agreement" was the 2020 MOU.

## 1. **The 2020 MOU**

Although Respondents have since provided a copy of the 2020 MOU, and a Second Declaration, I remain unconvinced that ICE has met their burden under 8 C.F.R. 241.13(i)(2). ICE does not identify what changed circumstance occurred during the approximately five-year gap between issuance of the 2020 MOU and Petitioner's detention on May 21, 2025, that now

---

[4] The Government stated, "No doubt the declaration is general and it just says the United States has been successful in removing individuals to Vietnam."

make it significantly likely Mr. Nguyen will be removed to Vietnam. Respondents do not even

state how and whether the 2020 MOU applies to Mr. Nguyen specifically. It is significant to note

that the 2020 MOU does not mandate that Vietnam accept all eligible pre-1995 Vietnamese

refugees with orders of removal; it "constitutes an understanding *only* between the Participants

and does not give rise to any rights or obligations under domestic or international law;" it "does

not create or confer any rights, privileges, or benefits on any individual." [Doc. No. 21-2 at 2

(emphasis added)]. Thus, even assuming Mr. Nguyen is eligible to be removed to Vietnam under

the 2020 MOU, which Respondents have not established, DHS may only request his removal;

Vietnam has total discretion whether to issue a travel document to any individual. Thus, the 2020

MOU alone is not enough to show ICE has met their burden under 8 C.F.R. 241.13(i)(2).

## 2.  <u>The Second Declaration</u>

The Second Declaration asserts that 44 individuals were removed to Vietnam in Fiscal

Year 2024, and that 284 have been removed thus far in Fiscal Year 2025. These numbers do not

aid in my analysis because I am missing some very pertinent information. For example, if the

total number of requests that were made to Vietnam was disclosed, I might be able to gauge how

likely it is that Petitioner would removed to Vietnam. If DHS submitted 350 requests and

Vietnam issued travel documents for 328 individuals, Respondents may very well have shown

that removal is significantly likely in the reasonably foreseeable future. On the other hand, if

DHS submitted 3,500 requests and only 328 individuals received travel documents, Respondents

would not be able to meet their burden.[5]

---

[5] In *Kong*, the First Circuit distinguished a petitioner's detention—which "lasted for over fifty days and
occurred before travel documents were secured, before deportation was certain, and allegedly without a
valid warrant or any determination that his removal was likely in the reasonably foreseeable future" —
with a petitioner on appeal in the Third Circuit. 62 F.4th at 618 (contrasting *Tazu v. Att'y Gen.*, 975 F.3d
292, 297–299 (3d Cir. 2020)). There, the Third Circuit held that "judicial review was barred" because
petitioner's "travel documents were secured and ICE was certain it would deport him to Bangladesh." *Id.*

More glaring however is that the Second Declaration does not identify how many of the

328 individuals removed during Fiscal Years 2024 and 2025 were *pre-1995 Vietnamese refugees*,

like Mr. Nguyen. *See Thai v. Hyde*, No. 25-cv-11499, 2025 WL 1655489, at *3 (D. Mass. June

11, 2025) (emphasis added) (finding a petitioner's removal foreseeable where the Government

previously removed at least 25 *similarly situated* aliens to Cambodia.). The lack of information is

especially significant given that since 2008, the United States has had a repatriation agreement to

remove post-1995 Vietnamese refugees and that the United States has had a long history of not

being able to remove pre-1995 Vietnamese arrivals. *See* 8 C.F.R. § 241.13(f) (factor to consider

includes "history of the Service's efforts to remove aliens to the country in question"). Thus, to

the extent ICE claims their determination was made based on these numbers and the 2020 MOU,

I am unconvinced that they show any circumstances having changed such that there is a

significant likelihood that Mr. Nguyen will be removed to Vietnam in the reasonably foreseeable

future pursuant to 8 C.F.R. § 241.13(i)(2).

### 3.  **Mr. Nguyen's Travel Document Request**

Respondents argue that ICE is currently processing a travel document for Mr. Nguyen to

return to Vietnam and that the United States has not received said travel document. Again,

Respondents have provided scant information to support its determination that Mr. Nguyen is

significantly likely to be removed in the foreseeable future. In particular, Respondents have not

identified what concrete steps ICE has taken to process Mr. Nguyen's particular travel

document.[6] *See* 8 C.F.R. § 241.13(f) (factor to consider includes "nature of the Service's efforts

to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable

_____

[6] Although the 2020 MOU, Section 8, identifies Procedures for Verification and Issuance of Travel
Documents, [Doc. No. 21-2 at 4–5], as mentioned, Vietnam retains total discretion to approve or deny
issuance of a travel document to any individual. [*Id.* at 2–3].

results of those efforts"). On the record before me, it is only Mr. Nguyen who has requested a travel document to Vietnam. I have no clear information as to whether or when Mr. Nguyen's request was submitted to Vietnam,[7] whether Vietnam has even acknowledged receipt of the request or otherwise responded to Mr. Nguyen's request, or the anticipated wait time for a response from Vietnam. On this record, Respondents cannot make the showing that circumstances have changed such that there is a significant likelihood that Mr. Nguyen will be removed to Vietnam in the reasonably foreseeable future pursuant to 8 C.F.R. § 241.13(i)(2).

## C. **Remedy**

Taken together, ICE's individualized determination to re-detain Mr. Nguyen is not in compliance with 8 C.F.R. § 241.13(f), (i)(2). And "ICE, like any agency, has the duty to follow its own federal regulations." *Rombot v. Souza*, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (cleaned up). As here, "where an immigration regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute . . . and [ICE] fails to adhere to it, the challenged [action] is invalid." *Id.* (cleaned up); *see also Zadvydas v. Davis,* 533 U.S. 678, 690 (2001) ("The Fifth Amendment's Due Process Clause forbids the Government to 'depriv[e]" any "person ... of ... liberty ... without due process of law.' Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects."). Based on ICE's violations of its own regulations, I conclude that Mr. Nguyen's detention is unlawful and that his release is appropriate. *Id.* at 389 (allowing

---

[7] The facts are murky on what steps Mr. Nguyen has taken to request a travel document to Vietnam. On or about March 2025, based on ICE's direction and before he was taken in custody, Mr. Nguyen initiated the process to request a Vietnamese passport. Then, on May 21, 2025, Mr. Nguyen received a Notice of Revocation which stated his "case is under current review by the Government of Vietnam for the issuance of a travel document." [Doc. No. 19-1 at 32]. The next day, on May 22, 2025, ICE asked Mr. Nguyen, once more, to prepare a request for travel documents to submit to the Vietnamese Government.

petitioner's motion for release upon a finding that ICE violated its regulations that implicated a fundamental constitutional right).

## IV.  CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas is <u>GRANTED</u>. Petitioner is to be released from detention immediately pursuant to the conditions in his preexisting Order of Supervision. While Nguyen is on supervised release, nothing stops Respondents from requesting the Government of Vietnam to accept his return. If and when ICE secures a travel document for Mr. Nguyen, a changed circumstance as discussed by the First Circuit in *Kong* would have occurred such that ICE may then re-detain Nguyen for removal.

SO ORDERED.

/s/ Myong J. Joun
United States District Judge